This is a workmen's compensation case.
Jeffrey McCafferty owned a logging truck and trailer and hauled logs for various individuals, including Marvin Turnipseed, who paid him a rate based either on per cord or on per thousand feet. McCafferty sustained injuries while hauling logs for Turnipseed.
McCafferty filed suit under the Workmen's Compensation Act, wherein he alleged that he was an employee of Turnipseed and was entitled to benefits under the Workmen's Compensation Act. In his answer Turnipseed denied that McCafferty was his employee at the time of the accident.
After a hearing the trial court issued an order which found that an employer-employee relationship existed between Turnipseed and McCafferty at the time of the accident. The trial court awarded compensation accordingly and imposed a ten percent *Page 32 
penalty on Turnipseed for the medical bills and the compensation benefits. Turnipseed appeals.
Our review of the record revealed the following pertinent facts: McCafferty owned a logging truck and trailer, provided the gasoline and oil that was required when he was hauling logs, and maintained his own truck and trailer. McCafferty testified that he hauled logs for various individuals who paid him a rate based either on per cord or on per thousand feet and that he would negotiate an agreement with the individual prior to hauling for him rather than having the same agreement with everybody. McCafferty indicated that he was paid only when he hauled wood, and his working hours were from "can to can't." McCafferty testified that it was up to him to decide whether he would work at a certain rate, and that he accepted Turnipseed's offer to haul logs for $5.00 a cord even though he was not sure that would even pay his fuel expenses.
Turnipseed, who had been in the logging business for approximately twenty years, owned his own truck but was not hauling at the time of McCafferty's accident because he did not have a driver. Turnipseed testified at the trial that his employees — those individuals who are carried on his payroll and have withholding taxes deducted by Turnipseed — are paid $50 per day, have regular working hours and can be fired if they do not show up for work. Turnipseed indicated that he had workmen's compensation insurance through West Alabama Timber Company to cover his employees.
The evidence indicated that McCafferty had hauled logs for Turnipseed on previous occasions, had then hauled for other individuals and, at the time of the accident, was hauling for Turnipseed. Turnipseed and McCafferty had a verbal contract that McCafferty was to haul logs for Turnipseed for $5.00 a cord.
While McCafferty had his own truck and trailer, he did not have any equipment with which he could load his truck. Turnipseed had a knuckleboom loader and, under the parties' verbal agreement, Turnipseed was to load McCafferty's truck. However, on the previous occasions that McCafferty had hauled for Turnipseed, McCafferty had wanted to load his truck himself because Turnipseed did not load the truck high enough or heavy enough. On this occasion, Turnipseed asked McCafferty if he wanted to load his truck, and McCafferty did, in fact, load his own truck.
Turnipseed testified that he had instructed West Alabama Timber Company how to cut the checks — one check for the landowner, one check for McCafferty for hauling the logs at $5.00 per cord, and one check for Turnipseed. Further, Turnipseed had instructed West Alabama Timber to deduct $1.39 per cord from his cut of the proceeds to go into the Alabama Forest Products Fund to cover his employees.
On the morning of the accident, Turnipseed told McCafferty that he should not stack his truck so high because the afternoon before Turnipseed had observed that McCafferty's truck had hit some power lines on the way out of the property. Further, Turnipseed told McCafferty that the loads were too heavy and too high and it would not be worth the ticket that the trooper would give him if he were caught. However, McCafferty loaded it that high anyway because at $5.00 per cord he testified that he needed to load it that high to make any money.
The primary issue on appeal is whether an employer-employee relationship existed between Turnipseed and McCafferty, or was McCafferty an independent contractor. The trial court found that because McCafferty was under the supervision of Turnipseed and was hauling timber under his direction, he was an employee of Turnipseed.
We note that when determining whether someone is an independent contractor or whether an employer-employee relationship exists, the courts look to the reserved right of control rather than the actual exercise of control. Weeks v.C.L. Dickert Lumber Co., 270 Ala. 713, 121 So.2d 894 (1960). An employer-employee relationship is not established if the right of control does not extend any farther than directing what is *Page 33 
to be ultimately accomplished. But if an individual retains the right to direct the manner in which the task is to be done or if that individual does in fact dictate the manner of operation, then an employer-employee relationship is established. Weeks, 270 Ala. 713, 121 So.2d 894.
Certain factors which demonstrate a right to control include (1) direct evidence which demonstrates a right or exercise of control, (2) the method by which the individual receives payment for his services, (3) whether equipment is furnished or not, and (4) whether the individual has the right to terminate.White v. Henshaw, 363 So.2d 986 (Ala.Civ.App. 1978).
We have carefully reviewed the transcript on appeal and have failed to find any evidence that an employer-employee relationship existed between Turnipseed and McCafferty. The evidence presented at the hearing indicated that McCafferty received payment directly from Alabama Timber Company and was not carried on Turnipseed's payroll. McCafferty provided the truck, trailer, gasoline, and oil required for the job. Turnipseed did not set any working hours for McCafferty, nor did he prescribe any work rules or require that McCafferty haul any particular number of cords per day. McCafferty did not get paid if he did not haul the logs to a destination specified by Turnipseed, but Turnipseed could not force him to haul the logs if he did not want to.
McCafferty contends that because Turnipseed told him where to deliver the logs and because Turnipseed had advised McCafferty on occasion not to stack the logs so high on his truck, that this was evidence of his control. First, the very nature of the contract was that McCafferty would haul logs cut by Turnipseed to a particular site designated by Turnipseed. Therefore, there would be no contract if Turnipseed could not tell McCafferty which logs were to be hauled to a particular destination. Turnipseed was only controlling the end result by giving such instructions.
Second, the fact that Turnipseed warned McCafferty that his trailer was stacked too high does not evidence control. Even though McCafferty ignored this suggestion, he was permitted to continue to haul, and, in fact, the cause of the accident was McCafferty's overly-stacked trailer becoming entangled with power lines. There is no basis for McCafferty's argument that Turnipseed had control over the method of his work.
We find that there is no evidence to support the trial court's finding that an employer-employee relationship existed between Turnipseed and McCafferty. Consequently, we reverse the judgment of the trial court and remand the case for the issuance of an order consistent with this opinion.
We note that Turnipseed raises two other issues on appeal concerning the percentage of disability sustained and the imposition of a ten percent penalty imposed by the trial court on compensation and medical expenses found to be due McCafferty. We pretermit discussion of these issues due to our finding that McCafferty was an independent contractor rather than an employee. However, we would point out to the trial court that Ala. Code 1975, § 25-5-59, provides for the assessment of a ten percent penalty "[i]f any installment ofcompensation payable is not paid without good cause within 30 days after it becomes due." (Emphasis added.) This provision does not provide for the assessment of the ten percent penalty on medical bills.
This case is reversed and remanded.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur. *Page 34