HOLMES, Judge.
This is a trespass case.
The plaintiff filed suit against the defendant, contending that the defendant, acting through its agent, trespassed upon the plaintiff’s land and did damage thereto *74 by cutting timber. The trial court, following ore tenus proceedings, entered a judgment for the plaintiff in the amount of $4,029.75.
The defendant appeals. We reverse and remand.
The defendant is a corporation engaged in the business of buying and selling timber. Specifically, the defendant acts as what is apparently known in the trade as a dealer or supplier of wood, and as such, it supplies wood to large purchasers, such as Container Corporation of America (CCA), the purchaser in the case now before the court. The defendant has a number of individuals who act as its wood producers, i.e., individuals who cut and deliver the timber which the defendant supplies to its purchasers.
In the instant case CCA gave tickets to the defendant which entitled the bearer of the ticket to deliver a certain amount of wood to CCA. The way this “ticket system” apparently works is that the wood producer cuts and delivers to CCA the amount of wood indicated on the ticket. CCA then pays the defendant for the wood delivered, and the defendant pays the wood producer.
Under the instant facts the defendant gave CCA tickets to one Edward Bell, one of its producers, who began cutting timber on property located adjacent to land owned by the plaintiff. Mistakenly, Bell crossed the boundary line between the two tracts and cut timber on the plaintiffs property. When the plaintiff learned that Bell was cutting timber on its property, it immediately informed the defendant’s president who told Bell to stop cutting the timber.
The dispositive issue on appeal is whether the defendant is liable for the trespass committed by Bell, its wood producer. The defendant contends that it is not liable because Bell was not its employee but, rather, an independent contractor over whom it exercised no control.
Under the doctrine of respondeat superior, a principal may be liable for the acts of his agent that are done in the interest of and in the prosecution of the principal’s business if the agent is acting within the scope of his employment. Cordes v. Wooten, 476 So.2d 89 (Ala.1985).
The test for determining if one is an agent or employee, as opposed to an independent contractor, is whether the alleged employer has reserved the right of control over the means and agencies by which the work is done, not the actual exercise of such control. Pugh v. Butler Telephone Co., 512 So.2d 1317 (Ala.1987); Sessions Co. v. Turner, 493 So.2d 1387 (Ala.1986). Moreover, the control reserved by the alleged employer or principal must be over the manner in which — or the means and agencies by which — the employee/agent’s work is done, as well as the result accomplished. Pugh, 512 So.2d 1317; Wood v. Shell Oil Co., 495 So.2d 1034 (Ala.1986); Sessions, 493 So.2d 1387. In other words, the principal/employer must have the right to control, “not only what shall be done, but how it shall be done.” Solmica of the Gulf Coast, Inc. v. Braggs, 285 Ala. 396, 398, 232 So.2d 638, 640 (1970).
Because working relationships take a wide variety of forms, each case must depend upon its own facts, and all features of the relationship must be considered together. Sessions, 493 So.2d 1387. Thus, whether an agency relationship exists is determined by the facts of the case, not by how the parties characterize their relationship. Federal Land Bank v. Jones, 456 So.2d 1 (Ala.1984).
Applying these rules to the case now before us, we can only conclude that the evidence does not support the trial court’s apparent conclusion that Bell was acting as the defendant’s agent or employee when he cut timber on the plaintiff's land. In other words, the evidence does not show that the defendant had a reserved right of control over the means and agencies, or the manner, by which Bell performed his job of producing the quantity of timber called for by the CCA tickets that could make the defendant liable under the theory of respondeat superior.
The testimony of George I. Edwards, the defendant’s president, was that the defend *75 ant did not direct or supervise Bell or its other wood producers in their work. Edwards testified that he did not tell Bell how to cut down trees, load his truck, or haul the wood; that he did not offer Bell any advice on cutting and removal techniques; that the defendant did not supply Bell with any equipment, trucks, or gas to use in his wood producing; that Bell was not on the “payroll per se” of the defendant; and that he did not tell Bell when he was supposed to go to work or when he was to quit work or how long he was to work each day.
Moreover, in this particular instance, the defendant did not direct Bell as to where he was to cut timber to fill the amount called for by the CCA tickets. Rather, the testimony indicated that Bell made arrangements independently with the property owner to cut timber on her land.
We do note that the testimony was to the effect that Edwards does go out periodically to the sites where the defendant’s wood producers are cutting to check on their work. In addition, Bell testified that “whenever [Edwards] told me something I was cutting for him or something like that and he told me, that is what I did.”
We do not think that any of the testimony, even that last recited, shows that the defendant retained the right to control the manner in which Bell performed his job of producing wood to fill the amount called for by the CCA tickets given to him by the defendant.
The control necessary for the existence of an employer-employee relationship is not established merely because the alleged employer retains the right to supervise or inspect the work of an independent contractor to determine if he is performing in conformity with the contract. See Pugh, 512 So.2d 1317; Williams v. Tennessee River Pulp & Paper Co., 442 So.2d 20 (Ala.1983). See also Wood, 495 So.2d 1034.
It is true, as urged by the plaintiff, that, through the number of tickets it gave to Bell, the defendant probably controlled the amount of wood Bell would cut. Such control, however, is not sufficient to make Bell the defendant’s agent or employee, rather than an independent contractor.
We are well aware that this case was tried before the learned trial court ore ten-us and that the trial court’s judgment is, therefore, presumed to be correct. Clardy v. Capital City Asphalt Co., 477 So.2d 350 (Ala.1985); DeBuys v. Jefferson County, 511 So.2d 196 (Ala.Civ.App.1987). We must reverse, however, because that court’s conclusion that the defendant is liable for the trespass of Bell is not supported by the evidence when the applicable law is applied.
This case is reversed and remanded to the trial court for entry of a judgment not inconsistent herewith.
REVERSED AND REMANDED.
INGRAM, J., concurs.
BRADLEY, P.J., recuses himself.