This is an appeal by the plaintiff, Donnie L. Luallen, from a decision by the trial court in favor of the defendant, B. Lonnie Noojin, Jr., in a workmen's compensation case. Luallen sought benefits for an injury he allegedly sustained while rescreening a porch at Noojin's mother's house. After an ore tenus proceeding, the trial court ruled that Luallen was an independent contractor in his relationship with Noojin and, thus, was not entitled to receive benefits under the workmen's compensation laws of Alabama.
Our standard of review in a workmen's compensation case requires us to review the record in a light most favorable to the trial court's findings. In other words, if there is any legal evidence or reasonable inference therefrom to support the trial court's findings of fact, we must affirm. Haggard v.Uniroyal, Inc., 423 So.2d 865 (Ala.Civ.App. 1982). Consequently, our inquiry here is limited to determining whether there is any legal evidence or inference therefrom to support the trial court's finding that Luallen was working as an independent contractor at the time of the alleged injury.
The test of whether a relationship is that of an independent contractor or employer-employee is whether the alleged employer has reserved the right to control the manner in which the work is performed. Bond v. Trim-Line, Inc., 465 So.2d 365
(Ala. 1985); Craig v. Decatur Petroleum Haulers, Inc.,340 So.2d 1127 (Ala.Civ.App. 1976). In other words, is there evidence which demonstrates that Noojin exercised such authority over Luallen that he controlled the means by which the work was done or the result produced? If there is evidence that Noojin retained control over the various details involved in Luallen's employment-related activities, then Luallen could have been labeled an employee and brought within the purview of Alabama's workmen's compensation law. We would note here, however, that the retention of control necessary to establish employee status is determined on a case-by-case basis. No one fact by itself can create an employer-employee relationship. Hudson v.DuraWear Corp., 344 So.2d 182 (Ala.Civ.App. 1977).
The record reveals that Noojin, who is licensed to practice law, conducts his various business interests under the name of Noojin Realty Company. Under the umbrella of Noojin Realty Company, he owns and operates Noojin Investment Company and Noojin Building Fund. Under Noojin Investment Company, he manages property he owns jointly with his mother, and under Noojin Building Fund, he manages property he owns jointly with his children. All totaled, he manages at least 50 to 60 rental houses, duplexes, and commercial units. He also oversees his mother's property and helps handle her accounts. In addition to supervising property connected with his family, Noojin also acts as general manager of Forest Hills apartment complex.
Noojin hires carpenters, painters, yardmen, and general laborers to help maintain the general upkeep of the Noojin family real estate holdings and the apartment complex. The evidence is undisputed that Luallen, a carpenter, along with two laborers, Harvey Montgomery and Booker Taylor, were hired by Noojin to do repair work and other odd jobs. We would note, however, that these workmen did not make up a formal maintenance crew. The facts suggest that they were hired instead on a job-to-job basis and that they were not retained on stand-by status. There is evidence that they were not carried on Noojin's payroll and that no wages were withheld on their behalf for Social Security and income tax purposes. There is also evidence that Montgomery and Taylor were tenants of Noojin's and were hired on the understanding that a portion of their paychecks would go toward the payment of back rent.
As a rule, Noojin would contact one of several workers to perform a particular job or workers such as Luallen would call or drop by Noojin Realty to ascertain whether there were any work orders. Each work order contained the property owner's name and address along with a job description.
There is evidence that workers hired by Noojin were paid by the hour. There is *Page 777 
also evidence that each worker would typically carry out his assigned tasks unsupervised and report his time on the corresponding work order. All work orders handed out during the week were turned in on Friday. Paychecks were drawn on different accounts, i.e., Noojin Building Fund, Noojin Investment Company, Forest Hills Apartments, and B.L. Noojin, Jr., depending upon on whose property the worker had performed the assigned task.
We turn now from the day-to-day operations of Noojin Realty to events leading up to Luallen's accident. Noojin, after attempting to locate Luallen for approximately two weeks, finally contacted him and hired him to repair a screened-in porch on his mother's summer house. The day of the accident, Luallen, along with Montgomery and Taylor, met Noojin in Gadsden, Alabama, and rode in Noojin's pickup truck to Noojin's mother's house in Mentone, Alabama. The workers furnished their own hammers, and Noojin's mother furnished the ladders. While replacing the screen, Luallen fell off the ladder and received the injury for which he now seeks compensation. Noojin was not within the vicinity when the accident occurred.
Luallen argues that Noojin did have the right to control the manner of his performance. In support of this argument, he states that Noojin specifically directed him to attach the new screen to the porch in the same manner as the old screen had been attached to the porch. Luallen, however, cannot point to any evidence showing that Noojin exercised control over the details involved in the rescreening or offered advice on rescreening techniques. The record is devoid of evidence indicating that Noojin attempted to supervise or influence Luallen's performance in any way.
The evidence indicates that Noojin was primarily interested in the completed project. He hired Luallen to rescreen a porch from the outside. How Luallen chose to carry out this job assignment appears to have been left to Luallen's discretion.
The following summation of facts supports the trial court's determination that Luallen was an independent contractor. No contractual elements of control could be gleaned from the record. Furthermore, Luallen was never given a job description which specified his duties with the company. He was not required to strictly adhere to any particular standards or regulations.
In addition, we note that Noojin appeared to exercise little supervision over Luallen's job-related activities. Luallen was not required to submit any detailed activity reports. He was only required to submit the number of hours worked on any given job.
We further note that Luallen was not part of a maintenance crew and was not carried on Noojin's payroll. No wages were withheld from his paycheck for Social Security or income tax purposes. He was free to seek out other projects and employment and was under no duty to call or report in to Noojin's office. The work he performed could be carried out by others.
In view of the evidence presented and in light of our standard of review, we find that the trial court could have reasonably inferred from the facts presented that Noojin did not retain the degree of control necessary to establish an employer-employee relationship. The trial court's judgment is, therefore, due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.