L. CHARLES WRIGHT, Retired Appellate Judge.
Otis Randy Curry brought this action to recover benefits from Interstate Express, Inc., under the Workmen’s Compensation Act of Alabama. Following oral proceedings the trial court found in favor of Interstate Express. Curry appealed that decision to this court. Curry v. Interstate Express, Inc., 582 So.2d 565 (Ala.Civ.App.1991). We reversed and remanded that judgment on the basis that the trial court’s findings of fact and conclusions of law failed to comply with § 25-5-88, Code 1975. Following remand, the trial court denied recovery, finding that Curry was not an employee of Interstate Express. Curry appeals.
Initially, Curry asserts that the trial court again committed reversible error by failing to include in its order findings of fact and conclusions of law sufficient to comply with § 25-5-88.
Section 25-5-88 requires that a judgment entered by the trial court in a workmen’s compensation case contain a statement of law, facts, and conclusions, as determined by the trial court. It is well established, however, that substantial compliance with § 25-5-88 is sufficient. County of Mobile v. Benson, 521 So.2d 992 (Ala.Civ.App.1988). Moreover, where the trial court’s findings are meager or omis-sive, this court may refer to the record to determine if the judgment should be upheld. Benson.
We have reviewed the judgment and find that it substantially complies with § 25-5-88. Although the trial court’s order is “meager,” it addresses the findings of fact and conclusions of law relevant to the issue presented to it by the parties. Specifically, it found Curry to be an independent contractor rather than an employee of Interstate Express. It properly concluded, therefore, that Curry was not eligible for workmen’s compensation benefits. We find that the order substantially complies with the requirements of § 25-5-88 and is not ground for reversal.
*230 Curry next contends that the trial court erred in finding him to be an independent contractor rather than an employee of Interstate Express.
When determining whether someone is an independent contractor or whether an employer-employee relationship exists, this court must consider the reserved right of control rather than the actual exercise of control. Turnipseed v. McCafferty, 521 So.2d 31 (Ala.Civ.App.1987). If the right of control does not extend any farther than directing what is to be ultimately accomplished, an employer-employee relationship is not established. Turnipseed. If an individual desiring to engage the services of another, retains the right to direct the manner in which the task is to be done, or if that individual does in fact dictate the manner of operation, then an employer-employee relationship is established. Turnipseed.
Factors which demonstrate a right to control are (1) direct evidence of right or exercise of control, (2) method of payment, (3) furnishing of equipment, and (4) the right to terminate. Turnipseed.
We have reviewed the record and have failed to find any evidence to support an employer-employee relationship. The record reflects that Curry owned his own truck and leased it to Interstate for the purposes of hauling cargo. The lease agreement did not contain any provision concerning driver services. Curry was not paid on a weekly basis. The agreement provided that he would receive 78% of the gross receipts generated from a haul. Interstate could refuse to give Curry a load and Curry could refuse to take a load. Interstate did not dictate any details for Curry to use in the performance of the haul. Interstate’s control over Curry extended only to ensure a satisfactory end result.
We find the evidence presented as to the existence of an employer-employee relationship is insufficient to overcome the presumption of correctness of the judgment of the trial court. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.