This is a workmen's compensation case.
Charles E. Boyd initiated an action against Hinkle Roofing 
Sheet Metal, Inc. (Hinkle), seeking compensation for an injury which he alleged occurred while he was employed by Hinkle. Ultimately, Hinkle's motion for summary judgment was granted and the case was dismissed. Boyd appeals.
Boyd challenges whether summary judgment was properly granted favoring Hinkle on the issues of (1) whether Boyd was an employee of Hinkle at the time of the injury, and (2) whether Hinkle engaged in a scheme or device to circumvent the workmen's compensation laws.
At the outset we note that summary judgment is proper only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. The burden of proof rests on the moving party and the evidence is to be construed favoring the nonmovant.Dynasty Corp. v. Alpha Resins Corp., 577 So.2d 1278 (Ala. 1991). Additionally, the reviewing appellate court must apply the same standard utilized by the trial court. Holcomb v. Arma Inc.,575 So.2d 575 (Ala.Civ.App. 1991).
Boyd first questions whether the trial court properly granted summary judgment in Hinkle's favor regarding Boyd's employment relationship with Hinkle at the time of the alleged injury. Boyd asserts that he was an employee of Hinkle because Hinkle exerted a right of control over Boyd's work performance.
Our review of the record reveals the following facts that are pertinent to this issue. Boyd had previously worked for Michael Ray Vaughn, doing business as Birmingham Roof Repair Company, Inc. (Birmingham Roof). Boyd testified that he had received paychecks from Birmingham Roof for work on previous employments for different job sites prior to the job where the alleged injury occurred. Boyd testified that on this particular job, after Vaughn received payment from Hinkle, Vaughn paid Birmingham Roof's employees in cash, rather than checks, after making provisions for payroll deductions.
The undisputed evidence in the record is that Vaughn, as Birmingham Roof, had entered into a contract with Hinkle as an "independent contractor" to perform certain roofing jobs for Hinkle for a period of one year subject to certain conditions. The contract contained language regarding conformity with trade practices, agreement to establish job price before work began on particular jobs, guarantees against defects, etc. Although Vaughn assumed responsibility for assessing and withholding payroll deductions required for obligations such as income taxes, social security, and unemployment compensation, the contract was silent regarding the method and frequency of such payments by Vaughn. Other conditions to that contract included that Vaughn would employ sufficient labor to complete the roofing jobs to Hinkle's satisfaction. The contract provided that Vaughn had the exclusive right "to hire and discharge any workmen at his discretion" to complete performance of the contract, and if the workmanship was unsatisfactory, Hinkle would notify Vaughn and Vaughn would "immediately withdraw his workmen from said job."
Record evidence shows that Vaughn hired Boyd to work on one of the roofing jobs Vaughn had contracted with Hinkle. Hinkle employees visited the job site to examine the work for conformity with the terms of the contract and frequently made suggestions and recommendations, which were sometimes followed by Vaughn and sometimes ignored. Evidence also shows that Hinkle provided some tools and equipment for Birmingham Roof employees to utilize in some of the contracted jobs.
Although no one fact by itself can create an employer-employee relationship, the test to determine whether one is an *Page 949 
employee, rather than an independent contractor within the workmen's compensation laws, is whether the alleged employer reserved the right to control the manner in which the work is performed. Luallen v. Noojin, 545 So.2d 775
(Ala.Civ.App. 1989); Turnipseed v. McCafferty, 521 So.2d 31
(Ala.Civ.App. 1987). Some factors considered in making that determination include the method by which one receives payment, the furnishing of equipment, the exercise of control over the manner of job performance, and whether one has the right to terminate the employment of the worker. Turnipseed, supra.
The undisputed evidence is clear that Hinkle (1) reserved no right of control over Boyd's job performance, (2) did not pay Boyd's salary, and (3) clearly could not terminate Boyd's employment. The trial court correctly determined that Boyd was not an employee of Hinkle, and on that issue, Hinkle was entitled to a judgment as a matter of law.
In his second issue, Boyd contends that Hinkle was engaged in a scheme or device to circumvent the workmen's compensation laws as prohibited by Ala. Code 1975, § 25-5-10(a). Boyd raised this issue in his motion for partial summary judgment, which was denied by the trial court. Here, Boyd's failure to cite any authority to support his position in this argument places him in a perilous position. Rule 28, A.R.App.P., Cummins v.Slayton, 545 So.2d 783 (Ala.Civ.App. 1989). The trial court properly granted Hinkle's summary judgment determining that Boyd was not an employee of Hinkle. See McCraney v. BiggerPulpwood Co., Inc., 500 So.2d 1116 (Ala.Civ.App. 1986). Based on the foregoing, we will not address Boyd's second issue.
This case is affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.