SHORES, Justice.
The plaintiffs in this slip and fall case, Peggy J. Turner and her husband, Marvin Turner, appeal from a summary judgment for ServiceMaster Company, a limited partnership. Mrs. Turner sued for damages based on personal injuries she claims she sustained while on duty as a nurse at Huntsville Hospital. Marvin Turner claimed damages for loss of consortium.
On May 9, 1990, Mrs. Turner slipped and fell on the floor of a nurses’ station that had recently been mopped by Lily Mae Pulliam, who was also a Huntsville Hospital employee. Mrs. Turner sued Huntsville Hospital for workers’ compensation benefits. She amended her complaint on October 15, 1991, to include ServiceMaster as a defendant. At the time of Turner's fall, there was an agreement in effect between Huntsville Hospital and ServiceMaster regarding the responsibility for housekeeping services at Huntsville Hospital. The amended complaint alleged that ServiceMaster had negligently and wantonly provided improper supervision and training of a Huntsville Hospital employee, Pulliam, and that Mrs. Turner slipped and fell as a result of Pulliam’s improper supervision and training. At issue is ServiceMas-ter’s responsibility for the training and supervision of housekeeping personnel who are employees of the hospital.
On motion of Huntsville Hospital, the trial court severed the workers’ compensation claim; a trial on that claim resulted in an award for Mrs. Turner.
On January 9, 1993, Pulliam moved for a summary judgment, claiming she was immune from liability, pursuant to Ala.Code 1975, § 25-5-11, a section of the Alabama Workers’ Compensation Act limiting co-employee actions to situations involving willful conduct. On March 17, 1993, the trial court entered a summary judgment for Pulliam.
On February 25, 1993, ServiceMaster moved for a summary judgment, arguing that it was acting as the agent of Huntsville Hospital at the time of Turner’s accident and that it, too, therefore, is immune from liability, pursuant to § 25-5-11. ServiceMaster argued that the Turners had not rebutted its summary judgment motion by evidence of “willful conduct,” as defined by § 25 — 5—11(c), and that it therefore was entitled to a summary judgment. On July 21, 1993, the trial court entered a summary judgment for Ser-viceMaster. On August 31, 1993, the Turners filed an appeal; the appeal relates only to the summary judgment for ServiceMaster. We affirm.
On the day of Mrs. Turner’s fall, Pulliam mopped the floor of the nurses’ station; the mopping procedures then in effect did not require warning signs. Therefore, Pulliam erected no signs to warn that the floor had just been mopped.
The agreement between Huntsville Hospital and ServiceMaster provided in pertinent part:
“1. SERVICEMASTER agrees to perform the managing function of housekeeping services in accordance with the highest standards of cleanliness and appearance for the HOSPITAL and applicable JCAH standards, said services being described in detail in Exhibit ‘A’ attached hereto and made a part hereof. In its capacity, SER-VICEMASTER accepts responsibility for performance of the following duties:
“c. SERVICEMASTER shall train, manage and direct all such housekeeping employees of the HOSPITAL in the performance of their respective housekeeping duties, subject always to the control retained by the HOSPITAL as employer of said employees. SERVICEMASTER shall hire, discharge or discipline all such employees in accordance with HOSPITAL policy and procedures. The HOSPITAL shall pay all wages and salaries of its housekeeping employees, and shall pay all payroll and other taxes, fees, workmen’s compensation insurance and other charges or insurance levied or required by any federal, state or local statutes relating to the employment of all its employees. Certificates of insurance as evidence of proper employee insurance coverage shall be supplied to SERVICEMASTER upon request.
“12. Except for the specific duties and responsibilities described in Paragraph 1 *458 above, in which SERVICEMASTER is acting as HOSPITAL’S agent, SERVICE-MASTER agrees that in all other respects its relationship to the HOSPITAL will be that of an independent contractor, and that it will not act or represent that it is acting as an agent of the HOSPITAL or incur any obligation on the part of the HOSPITAL without written authority of the HOSPITAL.”
(Emphasis added.)
James Hayes, the operations manager employed by the hospital, stated in his deposition that ServiceMaster had assumed total cleaning responsibility for the hospital. He also testified that ServiceMaster was in charge of training and housekeeping procedures. However, James Edward Whitney, director of environmental services for Huntsville Hospital, a ServiceMaster employee, testified that after Mrs. Turner’s fall, Ser-viceMaster changed its procedure for mopping ancillary areas, such as nursing stations, and started using “wet floor” signs on the recommendation both of Rick Edwards, employed by the hospital as director of safety, and of the hospital safety committee.
The issue before us is whether the trial court erred in holding that ServiceMas-ter was the agent of Huntsville Hospital in the training and management of the housekeeping employees of the hospital and in entering a summary judgment for the hospital. If ServiceMaster was the agent of the hospital, then .Ala.Code -1975, § 25-5-11, would apply to the Turners’ action against ServiceMaster. The Turners presented no evidence that “willful conduct,” as defined by § 25-5-ll(c), caused Mrs. Turner’s fall; therefore, if ServiceMaster was acting as the agent of Huntsville Hospital, the summary judgment was proper.
“A summary judgment is appropriate only when the moving party shows ‘that there' is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.’ Rule 56(c), A.R.Civ.P. Once the moving party has made a prima facie showing that there is no genuine issue of material fact, the non-moving party must rebut that showing, by presenting substantial evidence to create a genuine issue of material fact, § 12-21-12, Ala.Code 1975; Hope v. Braman, 557 So.2d 1208 (Ala.1990). The evidence will be viewed in the light most favorable to the nonmoving party. King v. Winn-Dixie of Montgomery, Inc., 565 So.2d 12 (Ala.1990).”
Campbell v. Valley Garden Apartments, 600 So.2d 240, 241 (Ala.1992). “[Sjubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the fact sought to be proved.” West v. Founders Life Assur. Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
The test for determining whether ServiceMaster’s role in its relationship with Huntsville Hospital was that of an independent contractor or that of an agent, is whether Huntsville Hospital retained a right of control over the means ServiceMaster employed to manage and train the housekeeping personnel, not whether the hospital actually exercised such control. Morrison v. Academy Life Ins. Co., 567 So.2d 1309, 1311 (Ala.1990); Calvert v. Funderburg, 284 Ala. 311, 315, 224 So.2d 664 (1969); Boyd v. Hinkle Roofing & Sheet Metal, Inc., 596 So.2d 947, 949 (Ala.Civ.App.1992); Luallen v. Noojin, 545 So.2d 775, 776 (Ala.Civ.App.1989). Huntsville Hospital contends that there was no genuine issue of material fact as to whether ServiceMaster was the hospital’s agent; it refers to specific provisions in the contract between ServiceMaster and the hospital that, they say, plainly state that ServiceMaster was the agent for the hospital in the training and management of hospital housekeeping employees and that the hospital retained a right of control with regard to training and management. In addition, the hospital presented deposition testimony to the effect that, although ServiceMaster assumed total cleaning responsibility for the hospital, the hospital’s director of safety, Rick Edwards, and its safety committee retained ultimate control over the manner in which the cleaning was performed.
The question, therefore, becomes whether the Turners presented substantial evidence creating a genuine issue of material fact as to whether ServiceMaster was an agent of *459 Huntsville Hospital. In our analysis of this question, we must review the record in the light most favorable to the Turners. Campbell v. Valley Garden Apartments, 600 So.2d at 241. The Turners argue that ServiceMaster was not acting as an agent for Huntsville Hospital with regard to the training and management of the housekeeping personnel. To support this argument, the Turners .refer us to certain parts of paragraph 1 of the agreement and to paragraph 12, which reads as follows:
“12. Except for the specific duties and responsibilities described in Paragraph 1 above, in which SERVICEMASTER is acting as HOSPITAL’S agent, SERVICE-MASTER agrees that in all other respects its relationship to the HOSPITAL will be that of an independent contractor, and that it will not act or represent that it is acting as an agent of the HOSPITAL or incur any obligation on the part of the HOSPITAL without written authority of the HOSPITAL.”
(Emphasis added.) They argue that paragraph 12 applies only to the second sentence of paragraph 1(c) (emphasized-in the following quotation) and not to the first sentence:
“c. SERVICEMASTER shall train, manage and direct all such housekeeping employees of the HOSPITAL in the performance of their respective housekeeping duties, subject always to the control retained by the HOSPITAL as employer of said employees. SERVICEMASTER shall hire, discharge or discipline all such employees in accordance with HOSPITAL policy and procedures_”
Reviewing the agreement in the light most favorable to the Turners, we cannot construe it to read as they argue it should be read. The agreement plainly states that Service-Master is an independent contractor with regard to all duties except those enumerated in paragraph 1, in which ServiceMaster acts as the hospital’s agent. In addition, paragraph 1(c) recognizes the hospital’s right to control the training, management, and direction of the housekeeping employees.
The Turners argue that there are other factors to be considered in determining whether ServiceMaster was an independent contractor. Boyd v. Hinkle Roofing & Sheet Metal, Inc., 596 So.2d at 949. However, the test remains the same: Whether the alleged employer retained the right to control the manner in which the work was performed. Id. Huntsville Hospital did retain that right, not only under the contract, but also in fact. After Mrs. Turner’s fall, ServiceMaster, under the direction of the hospital’s director of safety and the hospital’s safety committee, changed its policy to include placing “wet floor” signs on recently mopped floors.
The evidence before the court on Service-Master’s summary judgment motion made a prima facie showing that ServiceMaster acted as the agent of Huntsville Hospital with regard to the training, management, and direction of the housekeeping personnel, not only by agreement, but also in fact. The Turners presented no substantial evidence to the contrary. As an agent for the hospital, ServiceMaster is entitled to immunity in the action filed by the Turners, under Ala.Code 1975, § 25-5-11. Therefore, the trial court properly entered the summary judgment for ServiceMaster. That summary judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, STEAGALL and INGRAM, JJ., concur.