SAM A. BEATTY, Retired Justice.
Sherry Griffith appeals from a judgment for Ron Adams and his wife, Joy Adams, in Griffith’s action against the Adamses in which she sought death benefits under the Alabama Workers’ Compensation Act following the death of her husband. On appeal, Griffith maintains that her late husband, Robert Griffith (“the decedent”), an airplane pilot, was at the time of his death an employee of the Adamses and that his death occurred in the course of his employment. We affirm the judgment of the trial court.
After the conclusion of the trial, at which evidence was presented ore tenus, and after the filing of post-trial briefs by counsel, the trial court issued the following order, which this court adopts as a part of its opinion:
“This workmen’s compensation action seeking death benefits is submitted to the Court on the testimony ore tenus, exhibits introduced at trial, and briefs submitted by counsel. The dispositive question before this Court is whether Plaintiffs decedent was an employee of the Defendants, Ron and Joy Adams, within the purview of the workmen’s compensation laws of the State of Alabama, when he was killed in an airplane crash on November 30,1992.
*557 “The decedent, Robert Griffith, had performed flying duties for these Defendants during 1991 and 1992 pursuant to [two six-month] contracts.... The last paragraph of both contracts specifically reads as follows:
“ ‘This salary is considered contract labor under those terms and conditions with no taxes, benefits or insurance deducted.’
“The latest of these two contracts shows Mr. Griffith’s contractual obligations terminated on November 15, 1992. However, he did perform some flying duties after that time up to and including November 24,1992. The contracts show that Mr. Griffith was to be compensated for his services for up to ten (10) days of flying per month. There was to be an additional fee paid for any days flown after the ten (10) day minimum, at $125.00 per day plus expenses. In November, 1992, Plaintiffs decedent did receive his monthly check, but did not fly over the ten (10) day limitation.
“The evidence shows that Mr. Griffith performed flying duties for people other than the Defendants, including Wiley Sanders, [for] whom Mr. Griffith was scheduled to fly the day following the subject accident. Other testimony shows that in addition to teaching Mr. Adams to fly, Mr. Griffith also had Charlie Crook and Mike Freeman as students, as well as Steve Ballard, Bubba Marsh, and Scott Baldwin. Furthermore, the Plaintiff testified that her husband paid self-employment tax on income that he characterized in his tax returns for 1991 and 1992 as having been generated by his work as a ‘professional pilot’ in a ‘sole proprietorship.’
“The accident before this Court occurred on take-off at Bartlett Field in Montgomery County while the decedent was ... in a plane owned by Dothan Jet Eagle of Dothan, Alabama. Mrs. Adams testified that she was considering purchasing the plane from Dothan Jet Eagle as a Christmas gift for her husband, Ron Adams. The plane was being flown from Dothan to Sylacauga to receive a pre-purchase inspection. Mrs. Adams testified that she did not know why the plane was brought to Montgomery. Mrs. Adams further testified that she did not know why the deceased was in the plane with the Dothan Jet Eagle employee.
“The evidence establishes that the Plaintiffs decedent had previously given flying lessons to Mr. Adams and that he had flown Mr. and Mrs. Adams to various locations. However, Mr. Griffith’s presence on the Dothan Jet Eagle-owned airplane at the time of this accident was not customary or envisioned under the contracts between Mr. Griffith and the Defendants. Furthermore, there is no evidence that the Defendants directed Mr. Griffith to be on the flight in question. In sum, the evidence presented at trial revealed that at no time did Defendants Ron or Joy Adams ever direct, control, or reserve any authority over Plaintiffs decedent’s actions on the date of the subject accident.
“Considering all of the evidence herein presented, this Court is not reasonably satisfied that Robert Griffith was an employee of the Defendants within the purview of the workmen’s compensation laws of the State of Alabama at the time of his accident. The Court further is not reasonably satisfied that the injuries causing the death of Plaintiffs decedent arose out of or occurred in the course of the contractual relationship between Plaintiffs decedent and the Defendants, Ron and Joy Adams.”
A review of the record discloses that the relevant evidence on the issue of employment is succinctly stated in the trial court’s order, with no need, therefore, for repetition here.
This court recently adopted the following standard of review for workers’ compensation cases under the Alabama Workers’ Compensation Act, as amended in May 1992.
“We will view the facts in the light most favorable to the findings of the trial court. The trial court’s judgment will not be reversed unless it is clear that the trial court’s findings are manifestly contrary to the evidence as contained in the record as a whole or unless it is clear that fair-minded persons in the exercise of impartial *558 judgment would adopt a contrary conclusion.”
Whitsett v. BAMSI, Inc., 652 So.2d 287 (Ala.Civ.App.1994). The amended Workers’ Compensation Act did not alter the rule that this court does not weigh the evidence presented to the trial court. Edwards v. Jesse Stutts, Inc., 655 So.2d 1012 (Ala.Civ.App.1995).
As stated in Ex parte Curry, 607 So.2d 230 (Ala.1992), the essential element in determining whether an employer-employee relationship exists is the right of control, either actually exercised or reserved. If the employer’s right of control does not extend beyond directing what the employee is ultimately to accomplish, an employer-employee relationship is not established. Turnipseed v. McCafferty, 521 So.2d 31 (Ala.Civ.App.1987). The record contains substantial evidence indicating that during those occasions when the decedent flew for the Adamses, he nevertheless considered his employment to be in the nature of that performed by an independent contractor. Moreover, there is no evidence that the Adamses exercised any direction or control over the decedent on the day he was killed in the airplane crash.[1] Based upon the record, the trial court’s judgment must be, and is hereby, affirmed.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.

. The record reflects that the Dothan Jet Eagle employee flew the plane from Dothan, Alabama, to Dannelly Field in Montgomery, Alabama, and that the decedent flew the plane from Dannelly Field to Bartlett Field in rural Montgomery County. The record does not indicate which man was flying the plane when it crashed soon after takeoff from Bartlett Field.