PER CURIAM.
Texas Loss Control Systems, LLC (“TLCS”), has filed a petition seeking a writ of mandamus directing the Houston Circuit Court (“the trial court”) to enter a summary judgment in favor TLCS in a wrongful-death action filed by Christy Ruiz. The Alabama Supreme Court transferred the petition to this court; we transfer the petition back to. the supreme court for disposition.
The materials filed in support of or in opposition to the petition demonstrate the following facts. On July 20, 2009, Gerald Ruiz (“the employee”) received severe personal injuries in an accident arising out of and in the course of his employment with Dairy Fresh of Alabama, LLC (“the employer”), when a truck driven by a co-employee struck him. On April 23, 2010, the employee and his wife, Christy, filed a civil action against the employer and several fictitiously named defendants. The employee later died, and Christy substituted herself, in her capacity as the personal representative of the employee’s estate, as a plaintiff.[1] On May 24, 2012, Christy amended the complaint to substitute TLCS for one of the fictitiously named defendants. Christy alleged that TLCS had entered into a contract with National *604 Dairy Holdings, LLC, alleged to be a parent company of the employer, pursuant to which TLCS undertook to inspect and/or review the operations, facility, and safety program of the employer and to implement and monitor compliance with safety policies and procedures at the plant where the employee had worked. Christy asserted that TLCS had breached that contract by failing to use reasonable care in that undertaking, thereby proximately causing the injuries to, and the death of, the employee. Christy further alleged that TLCS was a successor in interest to one or more other defendants and that, as such, TLCS was liable for the conduct of those other defendants, which, she alleged, had proximately caused the injuries to, and the death of, the employee.
On March 14, 2014, TLCS filed a motion for a summary judgment; it filed an amended motion on April 15, 2014. In that motion, as amended, TLCS argued, in pertinent part, that it was immune from civil liability based on Ala.Code 1975, § 25-5-53, which, it contended, precludes civil actions against “a company ... making a safety inspection on behalf of a self-insured employer.” The trial court denied the motion on June 26, 2014. TLCS filed a petition for a writ of mandamus with the Supreme Court of Alabama on August 7, 2014; that court transferred the petition to this court on August 14, 2014, stating:
“It appearing to the Court that this cause is within the original appellate jurisdiction of the Court of Civil Appeals, pursuant to. Ala.Code 1975, 12-3-10, IT IS, THEREFORE, ORDERED that this cause is transferred to the Court of Civil Appeals.”
(Capitalization in original.) Christy filed an answer to the petition on August 27, 2014, and the case was submitted for decision on September 2, 2014.
Because we conclude that this court lacks jurisdiction over the subject matter, we do not reach the merits of the petition. Alabama Code 1975, § 12-3-11, provides, in pertinent part:
“Each of the courts of appeals shall have and exercise original jurisdiction in the issuance and determination of writs of quo warranto and mandamus in relation to matters in which said court has appellate jurisdiction.”
(Emphasis added.) Alabama Code 1975, § 12-3-10, describes the appellate jurisdiction of this court to include “all appeals in workers’ compensation cases.” The interplay of those two statutes clearly gives this court the power to issue writs of mandamus to circuit courts in workers’ compensation cases in which a final judgment could be appealed to this court.
The present petition arises from a wrongful-death action. Alabama Code 1975, § 25-5-11, authorizes the dependents of a deceased employee to file a wrongful-death action against a culpable third party and regulates the distribution of the proceeds of any recovery from that action; however, the supreme court has repeatedly held that § 25-5-11 does not create any new cause of action for wrongful death, which cause of action arises exclusively from the Wrongful Death Statute, Ala.Code 1975, § 6-5 — 410. See, e.g., Tucker v. Molden, 761 So.2d 996 (Ala.2000); Alabama Power Co. v. White, 377 So.2d 930 (Ala.1979); and Georgia Cas. Co. v. Haygood, 210 Ala. 56, 97 So. 87 (1923). Hence, a third-party action alleging wrongful death is not a workers’ compensation case within the meaning of § 12-3-10, and this court would not have jurisdiction to hear an appeal from a judgment entered in such an action. Because this court does not have appellate jurisdiction over a wrongful-death action filed pursuant to § 25-5-11, it necessarily lacks jurisdie *605 tion to issue a petition for a writ of mandamus in such a case under § 12-3-11.
The supreme court has routinely exercised jurisdiction over petitions for a writ of mandamus in similar circumstances. For example, recently, in Ex parte Tyson Foods, Inc., 146 So.3d 1041 (Ala.2013), the supreme court accepted a petition for a writ of mandamus arising from a wrongful-death action in which the defendants argued that the trial court in that case had erred in failing to dismiss the complaint, which had been brought in error by a non-dependent. Likewise, in Ex parte Cincinnati Insurance Co., 689 So.2d 47 (Ala.1997), the supreme court issued a writ of mandamus directing a trial court to allow a workers’ compensation insurer to amend its complaint to claim punitive damages in a third-party wrongful-death action. The supreme court evidently recognized that it is the proper court to issue writs of mandamus in such cases because it has exclusive appellate jurisdiction over civil actions alleging wrongful death. See Ala.Code 1975, § 12-2-7. Given further that the supreme court has continuously exercised jurisdiction over civil actions in which a defendant has asserted immunity under Ala.Code 1975, §§ 25-5-52 and -53, see, e.g., Kruszewski v. Liberty Mwt. Ins. Co., 653 So.2d 935 (Ala.1995); and Turner v. ServiceMaster, 632 So.2d 456 (Ala.1994), it follows that the supreme court has exclusive jurisdiction to issue any writ of mandamus in this case.
In Ex parte Salvation Army, 72 So.3d 1224 (Ala.Civ.App.2011), this court exercised jurisdiction over a petition for a writ of mandamus that had been transferred to this court by the supreme court. In that case, an alleged special employer argued that it was entitled to immunity from a civil action filed by an injured employee. In reviewing the matter, this court did not scrutinize its subject-matter jurisdiction. Having fully considered the issue, this court now determines that its jurisdiction to hear workers’ compensation appeals did not authorize the court to issue the writ of mandamus in Ex parte Salvation Army [2]
This court may exercise jurisdiction over a civil action “where the amount involved ... does not exceed $50,000.” Ala.Code 1975, § 12-3-10. When no judgment has been entered, this court and the supreme court determine “the amount involved” by reference to the claims in the complaint. See Prescott v. Furouzabadi, 485 So.2d 707 (Ala.1986). In this case, Christy alleges that the employee received a multitude of severe personal injuries before dying and that he died as a result of the tortious conduct of TLCS, among others. Christy demanded a jury trial and requested damages in such an amount as a jury may assess. Although Christy did not specify the amount of damages, in a wrongful-death action a dependent may recover damages for the personal injuries to the injured employee before his or her death, see Industrial Chem. & Fiberglass Corp. v. Chandler, 547 So.2d 812 (Ala. 1988), as well as punitive damages for the wrongful conduct that led to the death of the employee. Ex parte Cincinnati Ins. Co., supra. Undoubtedly, the amount in controversy exceeds the $50,000 jurisdictional limit of this court. Hence, this court may not accept jurisdiction over the petition based on the amount in controversy.
Alabama Code 1975, § 12-2-7(6), provides that the supreme court “shall have authority ... [t]o transfer to the Court of *606 Civil Appeals ... any civil case appealed to the Supreme Court and within the appellate jurisdiction of the Supreme Court.” That statute specifically authorizes the supreme court to transfer or “deflect” certain civil appeals to this court regardless of whether this court ordinarily would not have jurisdiction over the appeal. See Ex parte R.B.Z., 725 So.2d 257, 260 (Ala.1997). Section 12-2-7(6) does not apply to the present case because it authorizes the transfer only of cases appealed to the supreme court. TLCS did not file an appeal to the supreme court; it filed a petition for a writ of mandamus, which is an extraordinary means of seeking relief qualitatively different from an appeal. See Ex parte Nice, 407 So.2d 874, 877 (Ala.1981). Furthermore, the supreme court did not transfer the petition to this court pursuant to § 12-2-7(6). Accordingly, we conclude that this court does not have jurisdiction under § 12-2-7(6) to rule on the petition for a writ of mandamus.
Finding no basis in the law for this court to exercise jurisdiction over the subject matter of the petition for a writ of mandamus filed by TLCS, we hereby transfer this cas,e back to the supreme court. See Ala.Code 1975, § 12-1-4 (“[Wjhen any case is submitted to a court of appeals which should have gone to the Supreme Court, it shall be transferred to the Supreme Court.”).
PETITION TRANSFERRED.
All the judges concur.

. We note that, pursuant to Ala.Code 1975, § 25-5-11(a), the personal representative of the estate of an employee may not maintain a third-party action for the wrongful death of an employee unless the employee died without a dependent. See Millers Mut. Ins. Ass'n v. Young, 601 So.2d 962 (Ala.1992). Christy is considered a dependent under Ala.Code 1975, § 25-5-61(a), so she is a proper plaintiff in her capacity as a dependent.

. The opinion in Ex parte Salvation Army does not mention whether the amount claimed exceeded $50,000, so we do not comment on whether this court had jurisdiction to consider the petition on the ground that it arose from a civil action within our monetary jurisdiction.