We granted the petition for certiorari review to determine whether the Court of Civil Appeals erred in affirming the trial court's order denying worker's compensation benefits in this case. Otis Randy Curry sued Interstate Express, Inc. ("Interstate"), seeking worker's compensation benefits after he was seriously injured in a motor vehicle accident. Curry claims he was an employee of Interstate; Interstate contends that Curry was an independent contractor and was thus not entitled to benefits.
The case was tried on October 12, 1990, and the trial court held that Curry had not proved he was an employee within the coverage of the Alabama Workmen's Compensation Act, §25-5-1 et seq., Code of Alabama 1975. Curry appealed to the Court of Civil Appeals, which reversed the judgment of the trial court and remanded the case on the grounds that the trial court's findings of fact and conclusions of law failed to comply with § 25-5-88, Code of Alabama 1975, 582 So.2d 565. On remand, the trial court issued a second order denying Curry's claim for benefits. Curry appealed to the Court of Civil Appeals, which affirmed, 607 So.2d 228. We reverse and remand.
In Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93
(Ala. 1991), we clarified the standard of appellate review in worker's compensation cases:
 "The standard of appellate review in workmen's compensation cases is a two-step process. Initially, the reviewing court will look to see if there is any legal evidence to support the trial court's findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court's judgment."
We also stated that "a trial court's 'findings of fact' that are, in reality, an application of the law to the facts, or that are, stated differently, legal conclusions, do not come within the purview of the 'presumption of correctness' standard." Id.
The issues on appeal are: 1) whether the trial court's findings of fact and conclusions of law were in compliance with § 25-5-88, Code of Alabama 1975; and 2) whether there is any evidence to support the trial court's conclusion that Curry was not an employee of Interstate within the meaning of the Workmen's Compensation Act.
The procedure in disputed claims arising under the Workmen's Compensation Act is set out in § 25-5-88, Code of Alabama 1975, and must be complied with. The statute reads in pertinent part:
 "At the hearing or any adjournment thereof the court shall hear such witnesses as may be presented by each party, and in a summary manner without a jury, unless one is demanded to try the issue of willful misconduct on the part of the employee, shall decide the controversy. This determination shall be filed in writing with the clerk of said court, and judgment shall be entered thereon in the same manner as in civil actions tried in the said circuit court and shall contain a *Page 232 statement of the law and facts and conclusions as determined by said judge."
(Emphasis added.) Section 25-5-88 requires that a judgment in a worker's compensation case contain findings of fact and conclusions of law. Dale Motels, Inc. v. Crittenden,49 Ala. App. 51, 268 So.2d 834 (1972). While the appellate courts have reversed worker's compensation decisions in which the trial court's findings of fact were completely unresponsive to the issues (see, Dennis v. Gamble's Inc.,389 So.2d 142 (Ala.Civ.App. 1980)), they have also held that substantial compliance with § 25-5-88 will suffice. Dees v.Daleville Florist, 408 So.2d 155 (Ala.Civ.App. 1981);Fordham v. Southern Phenix Textiles, Inc.,387 So.2d 204 (Ala.Civ.App.), cert. denied, 387 So.2d 206
(Ala. 1980). When the trial court's findings are merely meager or omissive, the appellate court will look to the evidence to see if the trial court's judgment can be sustained. Harbinv. United States Steel Corp., 356 So.2d 179 (Ala.Civ.App. 1978).
The order from the trial court appears as follows:
 "Pursuant to the judgment of the Court of Civil Appeals entered May 3, 1991, the prior judgment previously entered in this cause is hereby set aside and the following judgment is hereby entered:
 "This is a claim for benefits under the Workmen's Compensation Laws of Alabama. For the Plaintiff to recover it is necessary for him to establish that he is an employee within the definitions set forth in the Workmen's Compensation Laws of Alabama; and, to be entitled to benefits, that he received an injury arising out of and in the course of his employment as an employee under the Workmen's Compensation Laws of Alabama.
 "The Court finds as a fact that the Plaintiff is not an employee within the meaning of the Workmen's Compensation Laws of Alabama but was an independent contractor; and that the Plaintiff is not entitled to any benefits under the Workmen's Compensation Laws of Alabama.
 "It is therefore ORDERED, ADJUDGED and DECREED that judgment is entered in favor of the Defendant and against the Plaintiff and that this cause be and the same is hereby dismissed, with any unpaid costs taxed to the party at whose instance said costs were incurred."
We agree with the Court of Civil Appeals that the findings of fact are "meager" at best. Therefore, we must determine whether there is any evidence to support the trial court's conclusion that Curry was an independent contractor, rather than an employee of Interstate.
The Worker's Compensation Act defines "employee" in §25-5-1, Code of Alabama 1975, as follows: "(6) EMPLOYEE, WORKER, WORKMEN and WORKMAN. . . . Such terms include every person not excluded by section 25-5-50, in the service of another under any contract of hire, express or implied, oral or written. . . ." As the Court of Civil Appeals said in Fordv. Mitcham, 53 Ala. App. 102, 298 So.2d 34 (1974), this definition is not totally clear, but it does indicate that a contractual relationship between two parties is essential.
It is well established law in this state that, in determining whether an employer-employee relationship exists, the court looks to the right of control, either actually exercised or reserved. In the last analysis, it is the reserved right of control rather than its actual exercise that provides the answer. Tuscaloosa Veneer Co. v. Martin, 233 Ala. 567,172 So. 608 (1937); C.E. Adams Co. v. Harrell,257 Ala. 25, 57 So.2d 83 (1952); Craig v. Decatur PetroleumHaulers, Inc., 340 So.2d 1127 (Ala.Civ.App. 1976),cert. denied, Ex parte Decatur Petroleum Haulers,Inc., 340 So.2d 1130 (Ala. 1977). The factors tending to demonstrate a right of control are: (1) direct evidence that demonstrates a right or the exercise of control, (2) the method by which the injured individual received payment for his services, (3) whether the equipment is furnished by the alleged employer or not, and (4) whether the individual has the right *Page 233 
to terminate. White v. Henshaw, 363 So.2d 986, 988
(Ala.Civ.App. 1978).
Applying these factors to this case, we find: (1) Direct evidence demonstrates a right of control, or the exercise of control, by Interstate; this evidence consists of the terms of the lease agreement executed between the parties on April 3, 1987, and the testimony given in the case. Curry testified that Interstate controlled what loads he picked up and where he picked them up, as well as the place of delivery of the cargo. The president of Interstate, John Mann, Jr., stated at trial, "[O]nce the lessor accepts the load we tell him where to pick it up, where to deliver it and how to handle that load, as the customer tells us." On the day of the accident, Curry was transporting dog food from Chicago, Illinois, to Jacksonville, Florida. Curry testified that the cargo was not properly secured, and that he was nervous about hauling it. Curry contacted Interstate and expressed his concern. He was instructed by Interstate to be careful, but to go ahead and take the load to its proper destination. (2) As to the method by which Curry, the injured individual, received payment for his services, the lease agreement provided that Interstate would book a contract to haul cargo and then assign the hauling of the cargo to Curry. Following completion of the task, Interstate would be paid and then Interstate would pay Curry 78% of the proceeds, less any expenses advanced by Interstate. Interstate would retain 22% of the proceeds. Thus, Interstate controlled payment under the lease agreement. (3) As to whether the equipment was furnished by the alleged employer, Interstate, the record indicates that, besides the truck, Interstate provided equipment, fuel/mileage taxes and permits, oversize permits, and Public Service Commission-type permits. In addition, Interstate provided liability, cargo, and "bobtail" insurance. (4) As to whether Curry had the right to terminate, the lease agreement provided that the lease agreement "shall terminate upon 30 [days'] written notice."
We conclude that no reasonable view of the evidence supports the trial court's judgment, and that Curry was, in fact, an employee of Interstate under the Workmen's Compensation Act.Hays v. Deaton Truck Line, 264 Ala. 442, 87 So.2d 825
(1956); Adams Co. v. Harrell, supra; DeatonTruck Line v. Acker, 261 Ala. 468, 74 So.2d 717 (1954);Stevens v. Deaton Truck Line, 256 Ala. 229,54 So.2d 464 (1951).
For the reasons stated above, the judgment of the Court of Civil Appeals is due to be reversed and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ADAMS, HOUSTON and STEAGALL, JJ., concur.
MADDOX and INGRAM, JJ., dissent.