This appeal is from a finding of contempt entered in a divorce case. The trial court found the wife in violation of its order, held her in contempt, and ordered that she be incarcerated for five days under the auspices of the Madison County Work Release Program. She was also ordered to pay a $250 attorney fee for the services of the husband's attorney. The wife appealed that order and filed a brief with this court, raising two issues. The husband filed no brief. We affirm the trial court's finding of contempt and we will address each issue separately.
The husband sued for a divorce. The wife was served with the complaint and with the court's standing pendente lite order. One of the provisions of that order is paragraph C, which states:
 "The Plaintiff and the Defendant are hereby restrained and enjoined from harassing, threatening, intimidating or assaulting the other, directly or indirectly, or attempting to do so, whether at their residence, place of employment, or anywhere else."
(C. 4.) According to the husband, the wife engaged in aggressive acts that constituted a clear violation of paragraph C. The husband, through his attorney, filed a motion on July 3, 2000, requesting the trial court to hold the wife in contempt for these acts. The trial court set that motion, as well as the husband's earlier motion to hold the wife in contempt for her failure to complete court-ordered discovery, for a hearing on July 14, 2000. On that date, the trial court conducted a full evidentiary proceeding on those motions. The court heard testimony about each of the acts of aggression committed by the wife against the husband and heard testimony and argument concerning the incomplete discovery items. Specifically, the husband testified that on different occasions the wife threw a brick at his car, cracking the windshield and denting the hood, and causing approximately $400 in damage; poured hot water on him from the stove in an effort to burn him; repeatedly locked him out of the marital home; sprayed him with something similar to bug spray; and put his clothes in the back of his truck. The wife denied having committed many of these acts.
On appeal, the wife raises two issues. First, she contends she was denied due process of law because, she argues, a hearing for "civil" contempt was "converted" into one for "criminal" contempt. She says that the "advance-notice" requirement and the "contents" (that is, "nature and cause of accusation") requirement of due process applicable in a criminal contempt hearing were not met and that she believed that the husband had requested only a finding of civil contempt. Second, she contends that reversible error occurred because, she says, the trial court's order failed to specify the kind of contempt found and "confused" the elements of civil and criminal contempt.
 I
Rule 70A, Ala.R.Civ.P., a rule adopted in 1994, but cited nowhere by the wife, provides the scope, definitions, *Page 713 
dispositions, and punishments for contempt actions in civil cases in Alabama. The rule defines and distinguishes the different kinds of contempt with the broad categories thereof being either "direct contempt" or "constructive contempt." Direct contempt is basically disorderly or insolent behavior committed in open court, in the presence of the court, where such misconduct requires immediate action by the court to prevent diminution of the court's dignity and authority. See Rule 70A(a)(2)(A), Ala.R.Civ.P. "Constructive contempt", which is sometimes called "indirect contempt," is basically any contempt that does not fit under the definition of "direct contempt." See Rule 70A(a)(2)(B), Ala.R.Civ.P. Constructive contempt is divided into two categories: "criminal contempt" and "civil contempt." The rule defines "criminal contempt" as either:
 "(i) Misconduct of any person that obstructs the administration of justice and that is committed either in the court's presence or so near thereto as to interrupt, disturb, or hinder its proceedings, or
 "(ii) Willful disobedience or resistance of any person to a court's lawful writ, subpoena, process, order, rule, or command, where the dominant purpose of the finding of contempt is to punish the contemnor."
Rule 70A(a)(2)(C). Under Rule 70A(a)(2)(D), "civil contempt" is defined as:
 "[a] willful, continuing failure or refusal of any person to comply with a court's lawful writ, subpoena, process, order, rule, or command that by its nature is still capable of being complied with."
The comments to Rule 70A state in part that the rule is to be governed by the Alabama Rules of Civil Procedure, including the basic provisions of pleading practice. Consequently, our civil practice rule that allows a party to move for a more definite statement (See Rule 12(e), Ala.R.Civ.P.), in a case where the party believes an opponent's pleading is vague or ambiguous, pertains to contempt-of-court actions in civil cases and that rule would, in this instance, have afforded the wife a means of obtaining detailed and specific information about the accusations, if she had felt the need for it. The wife and her attorney had ample time (approximately 10 days) within which to request a more definite statement, if in fact they had been confused about the nature and/or scope of the proceeding before the trial court.
In considering whether a lower court complied with the requirements of due process in a case of constructive or indirect contempt, we look to determine if the following elements were present: (1) notice of the charges; (2) reasonable opportunity to meet them; (3) right to call witnesses; (4) right to confront the accuser; (5) right to give testimony relevant either to the issue of complete exculpation or extenuation of the offense; and (6) right to offer evidence in mitigation of the penalty imposed. Ex parte State, 550 So.2d 1067, 1073 (Ala. 1989).
As to the notice element, we conclude that the husband's motion to find the wife in contempt specifically cited the provisions of the trial court's standing pendente lite order and gave a detailed factual basis (breaking the husband's windshield, pouring hot water on him, locking him out of the marital home, and putting bug spray in his face) to establish a violation of the trial court's order and thereby support a finding of criminal contempt. Although the wife correctly states that the husband's motion asks that she be found in civil contempt, that statement is true as to only part of the motion. The motion also prays that the wife be found in contempt of the trial court's standing pendente lite order. *Page 714 
It is clear that in alleging a violation of the trial court's standing order and detailing the facts to support the allegation, the motion was addressed to a question of criminal contempt. A finding of criminal contempt is appropriate where a party has shown disobedience to a court's order and where the acts complained of were specific, identifiable violations from the past. The motion further asks that the court place the wife in jail for "a period of five (5) days"; that period of time coincides with the period provided for in § 12-11-30(5), Ala. Code 1975. Incarce-ration for the statutory 5-day period has been repeatedly held to be a sanction for criminal, not civil, contempt. See Ex parteGriffith, 278 Ala. 344, 351, 178 So.2d 169, 177 (1965), cert. denied,382 U.S. 988 (1966). The violent acts of aggression alleged in the husband's motion are not remotely similar to the typical conduct that is used to support a finding of civil con-tempt, and the wife's argument that she did not realize she was facing a criminal contempt charge and the sanctions for criminal contempt is simply not believable.
In United States v. United Mine Workers of America, 330 U.S. 258
(1947), the United States Supreme Court held:
 "Common sense would recognize that conduct can amount to both civil and criminal contempt. The same acts may justify a court in resorting to coercive and to punitive measures. Disposing of both aspects of the contempt in a single proceeding would seem at least a convenient practice."
330 U.S. at 298-99. (Footnotes omitted.) The Supreme Court also held:
 "Even if it be the better practice to try criminal contempt alone and so avoid obscuring the defendant's privileges in any manner, a mingling of civil and criminal contempt proceedings must nevertheless be shown to result in substantial prejudice before a reversal will be required."
United Mine Workers of America, 330 U.S. at 299-300. (Footnotes omitted.) The Court noted that a petition need not expressly mention that adjudication of both civil and criminal contempt is being sought.United Mine Workers of America, 330 U.S. at 300. In the instant case, all of the wife's rights and privileges were fully respected, and no substantial prejudice has been shown.
The wife's own testimony proves she knew exactly what "contemptious conduct" she was accused of and was being called upon to defend. There was no "surprise" or "ambush" present here. The wife's argument that jail time for her was not what the husband wanted is (1) irrelevant, because the wife's actions were a violation of the trial court's authority and (2) inconsistent, because in his motion the husband asked that the wife be placed in jail. Furthermore, at the beginning of the hearing, the husband's counsel asked the trial court to incarcerate the wife as a sanction for contempt.
We conclude that the wife had sufficient notice that the contempt hearing was to be a criminal, as well as civil, contempt proceeding and that she potentially faced sanctions for either or for both. Each of the other elements necessary to comply with due-process requirements were met by the trial court's scheduling a hearing 10 days in advance thereof and affording the wife a full evidentiary proceeding, with counsel present and with the opportunity to conduct detailed cross-examination.
The wife cites eight cases in the argument section of her brief on this issue, but of those eight, four cases are merely referenced *Page 715 
as having been cited as authority in the other, later cases. The four cases the wife relies upon as primary authority actually support the trial court's finding or are clearly distinguishable on their facts. InCharles Manufacturing Co. v. United Furniture Workers, 361 So.2d 1033
(Ala. 1978), Justice Embry, writing for our Supreme Court, gave a detailed analysis of the kinds of contempt, the requirements needed to satisfy due process, and the essential elements of the charging instrument. In reference to the written accusation, the Court stated, "[T]he form of it [the written accusation] is not material if it sets out the charges in such manner as to apprise [the accused] of the exact nature of it, and what he is called upon to defend." 361 So.2d at 1037. (Emphasis omitted.) The Court found in that case that the written accusation did not satisfy due-process requirements; the complaint for contempt in that case stated only the following:
 "Plaintiff avers that the Defendants have willfully failed and refused to obey said preliminary injunction as ordered by this Honorable Court."
Charles Manufacturing Co., supra. That language is vastly different from the content of the contempt motion in this case; here, the husband gave a specific, detailed, factual account of the acts as to which he was seeking to invoke the court's contempt powers. Another case cited by the wife,State v. Thomas, 550 So.2d 1067 (Ala. 1989), does not help her cause. Although that case was reversed on other grounds, our Supreme Court held that in the appropriate situation a party's actions can support a finding of both civil and criminal contempt.
The other two cases cited by the wife are also unpersuasive in that they are both federal cases that involve peculiarities of federal statutes and federal practice rules not applicable to Alabama proceedings. In addition, they are both factually distinguishable from this case. In Skinner v. White, 505 F.2d 685 (5th Cir. 1974), the United States Court of Appeals for the Fifth Circuit reversed a lower court's contempt finding, but stated that in a federal court, "criminal contempt" is a separate cause of action brought in the name of the United States. In an Alabama court, a "criminal contempt" proceeding need not be commenced by the State. In addition, the lower court in that federal case had found the contemnors guilty of committing "fraud on the court"; no such thing had been alleged in any of the charges in the original petition in that case. Skinner, 505 F.2d at 688-89. The other case cited by the wife, Jove Engineering, Inc. v. I.R.S., 92 F.3d 1539 (11th Cir. 1996), was an appeal to the United States Court of Appeals for the Eleventh Circuit involving multiple issues, one of which concerned the federal district court's failure to hold the I.R.S. in contempt for violation of the automatic stay provisions applicable in a bankruptcy proceeding. The Court discussed certain differences between civil and criminal contempt, and the sanctions for each, but the holding in that case either pertains strictly to federal jurisdiction or does not dictate against our holding in this case. For instance, the Court stated, "Sanctions are coercive if they serve the complainant rather than vindicate some public interest." Jove Eng'g, Inc., 92 F.3d at 1558. (Citation omitted.) The trial court's award of attorney fees to the husband as a sanction in the present case served the complainant, whereas the order of incarceration served the broader public interest of ensuring obedience to lawful court orders and punishment for the commission of violent acts.
The proceeding in the trial court in the instant case related to a "constructive contempt," not a "direct contempt," because although it concerned a violation of a trial *Page 716 
court's order, the acts complained of were not committed in open court, they were not committed in the trial court's presence, and were not actually observed by it, and no immediate action was required to prevent diminution of the court's dignity. The proceeding involved "criminal contempt" because the wife had willfully disobeyed the trial court'spendente lite order and "civil contempt" because of the wife's continuing failure to comply with the trial court's discovery order. In addition, the trial court's judgment constituted an adjudication of both criminal contempt, because of the jail sanction imposed, and civil contempt, because of the award of attorney fees to the husband's counsel. Its holding further comports with the characteristics of civil contempt, because it has a "coercive" side in that, by having to pay the other party's attorney fees, the wife is "coerced" into complying with discovery orders in the future, in order to avoid having to face the same situation if she again fails to comply. Thus, the elements of both civil and criminal contempt are present here. Hudson v. Hudson, 494 So.2d 664, 666
(Ala.Civ.App. 1986).
 II
Second, the wife contends that the trial court's order failed to denominate its finding as either civil or criminal contempt and, further, that it blurred the differences between the two to such an extent as to constitute reversible error. In addition, she argues that the award of attorney fees to the husband served to "add to the confusion" which she contends was present throughout the proceeding and was embodied in the trial court's order. We disagree. The contempt order is arranged in separate, distinct paragraphs with separate, distinct findings in each. In the second paragraph, the trial court specifically finds the wife in contempt and in violation of the pendente lite order and details the precise acts committed by her that constitute contemptuous conduct. In the third paragraph, the trial court specifically finds the wife in contempt for failure to provide discovery. In the fourth paragraph, the trial court orders the wife confined for five days in the Madison County jail. In the fifth paragraph, the trial court awards a fee to the husband's attorney. It is abundantly clear that the trial judge held the wife in criminal contempt for the actions addressed in paragraph two and properly sanctioned her therefore in paragraph four. Further, it is equally clear that the trial judge held her in civil contempt for her noncompliance, as addressed in paragraph three, and properly sanctioned her therefore in paragraph five. Although attorney fees are not generally recoverable in criminal-contempt proceedings and the award thereof may be "improper, it does not void the judgment." Ex parte J.R.W., 667 So.2d 88, 91 (Ala. 1995). In the present case, as in J.R.W., the facts justified an adjudication of both civil and criminal contempt, and the fact that an attorney fee was awarded "does not require alteration of that judgment." J.R.W., 667 So.2d at 92. The wife has cited no authority mandating reversal of a contempt order where the lower court failed to use the words "criminal" and/or "civil" in its ruling, and we have found none. The trial court's order in this case is sufficiently specific to inform the parties of the nature, scope, and content of its ruling and to allow this Court to conduct an appellate review thereof.
AFFIRMED.
Crawley, and Murdock, JJ., concur.
Yates, P.J., and Thompson, J., concur in the result. *Page 717