Malcolm S. Kimbrough, Sr. ("the father"), appeals from an order in which the trial court (1) found him in criminal contempt; (2) denied his petition to relocate the residence of the children in his custody who were born of his former marriage to *Page 664 
Maria G. Kimbrough ("the mother"); and (3) modified his periodic-alimony obligation. We affirm the portion of the judgment finding the father in contempt and dismiss the remainder of the appeal.
On May 13, 2005, the father filed a petition requesting to change the residence of the parties' minor children. Specifically, he sought to move the children from Madison County to Germany to pursue a job opportunity. He also requested that the court suspend his obligation to pay alimony.
On June 23, 2005, the mother filed her answer and a counterclaim for a rule nisi. In her counterclaim, the mother requested the following relief: (1) an order requiring the father to show cause why he should not be held in civil and criminal contempt for his willful refusal to comply with the divorce judgment and (2) an order directing the father to show cause why he should not serve the sentence of incarceration previously imposed on him in the divorce judgment, which had been suspended subject to his continued compliance with the court's orders.
In support of her counterclaim, the mother stated that the father had violated the divorce judgment by denying her visitation, by failing to participate in family counseling, by failing to pay alimony on time, by failing to provide proof that he had purchased life insurance for the mother's benefit, by failing to assist in preparing lists of personal property to be divided between the parties, by failing to pay the mother's attorney fee, by failing to pay the full amount of monthly retirement benefits awarded to the mother, by failing to insulate the children from conflict, and by telephoning the mother multiple times.
On March 13, 2006, the trial court held a hearing on the father's petition and the mother's counterclaim. The mother was present along with her counsel of record. The father was also present, representing himself pro se. We are unable to review the transcript of this hearing, however, because the father failed to request that the transcript be made available to this court.
On March 22, 2006, the trial court entered an order in which it denied the father's petition to relocate the children but modified his alimony obligation to $300 per month. The court also found the father in contempt for "willfully and contemptuously" violating the court's divorce judgment by interfering with the mother's visitation rights. Specifically, the court found, based on the father's own testimony, that the father had transported the children to visit his family in Texas when the mother was scheduled to exercise her December 2005 visitation. The court ordered the father to serve five days in jail as punishment for the contempt.
Finally, the court noted that, in the original divorce judgment entered on March 14, 2005, it had found the father in contempt and had sentenced him to incarceration but that, on April 11, 2005, it had suspended the father's sentence on the condition that the father comply with the court's orders in the future. Based on the evidence presented at the March 16, 2006, hearing, the court found that the father had not met the condition that he comply with the court's orders. Specifically, in addition to interfering with the court-ordered visitation, the court found that the father had also violated provisions of the divorce judgment regarding alimony, counseling, and the division of personal property. Accordingly, the court also revoked the suspension of the sentence that had been imposed as a result of the March 14, 2005, finding of contempt.
On April 17, 2006, the father filed a postjudgment motion, which the trial court *Page 665 
denied on May 22, 2006. In the order denying the father's postjudgment motion, the trial court specifically set this case for a hearing on the "Presentation of Personal Property List" filed by the father. The order also stated that, following the hearing, the remaining issue of the division of the parties' personal property would be resolved and that an order supplementing the divorce judgment would be entered at that time.
Even though the issue has not been addressed by either party, this court must first determine whether it has jurisdiction over this appeal.
 "`"[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.'" Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App. 1997) (quoting Nunn v. Baker, 518 So.2d 711, 712
(Ala. 1987)). The question whether a judgment is final is a jurisdictional question. The reviewing court, on a determination that the judgment is not final, has a duty to dismiss the appeal; if the appellee has not moved for a dismissal, then the court should dismiss the appeal on its own motion."
Cates v. Cates, 943 So.2d 798, 801 (Ala.Civ.App. 2006).
"[A]n order adjudging a party guilty of contempt is a final, separately appealable judgment." Gladden v. Gladden,942 So.2d 362, 369 (Ala.Civ.App. 2005). Accordingly, we conclude that we have jurisdiction to review the trial court's March 22, 2006, finding of contempt.
The father argues that the trial court denied him due process and the right to an attorney with regard to the contempt proceedings.
 "In considering whether a lower court complied with the requirements of due process in a case of constructive or indirect contempt, we look to determine if the following elements were present: (1) notice of the charges; (2) reasonable opportunity to meet them; (3) right to call witnesses; (4) right to confront the accuser; (5) right to give testimony relevant either to the issue of complete exculpation or extenuation of the offense; and (6) right to offer evidence in mitigation of the penalty imposed."
Fludd v. Gibbs, 817 So.2d 711, 713 (Ala.Civ.App. 2001).
The record reveals that the mother's June 23, 2005, counterclaim presented sufficient allegations to place the father on notice of the charges. Further, the father was present at the hearing on the mother's counterclaim. Because the father did not order the transcript of the hearing, we are limited in our review of this case and cannot determine whether the father was allowed a reasonable opportunity to meet the charges, the right to call witnesses, the right to confront his accuser, the right to give "testimony relevant either to the issue of complete exculpation or extenuation of the offense," and "the right to offer evidence in mitigation of the penalty imposed."Fludd, 817 So.2d at 713.
"`"This court cannot assume error, nor can it presume the existence of facts [as] to which the record is silent." The appellant has the burden of ensuring that the record contains sufficient evidence to warrant reversal.'" White v. RileyConstr., Inc., 745 So.2d 877, 879 (Ala.Civ.App. 1999) (quoting Alfa Mut. Gen. Ins. Co. v. Oglesby,711 So.2d 938, 942 (Ala. 1997)); see also Martin v. Martin,656 So.2d 846, 848 (Ala.Civ.App. 1995) ("An error asserted on appeal must be affirmatively demonstrated by the record, and if the record does not disclose the facts upon which the asserted error is based, such error may not be considered on appeal."). The record does not reveal any error, and, thus, *Page 666 
we cannot conclude that the trial court committed error.
As to the father's assertion that he was denied the right to an attorney, we also cannot determine that the trial court erred. Rule 70A(c)(3), Ala. R. Civ. P., provides: "In actions involving criminal contempt, upon the request of the alleged contemnor and proof of indigence, counsel shall be appointed to represent the alleged contemnor." We are unable to determine from the limited record before us whether the father requested appointed counsel or whether the father proved that he was indigent. We cannot assume that the trial court erred when error is not apparent from the record.
As to the remaining issues raised on appeal, we conclude that there was no final judgment from which an appeal would lie.
 "[I]f an order has failed to dispose of all of the parties or all of the claims, Rule 54(b), Ala. R. Civ. P., requires a two-step process on the part of the trial court to create an appealable order. There must be `an express determination that there is no just reason for delay' and `an express direction for the entry of judgment.'"
McBride v. Gentry, 686 So.2d 313, 314
(Ala.Civ.App. 1996) (quoting Rule 54(b), Ala. R. Civ. P.) (dismissing appeal from a trial court's order regarding child support when visitation issue had yet to be determined and trial court had not entered Rule 54(b), Ala. R. Civ. P., order).
In this case, the trial court's order from which the father appeals did not dispose of all of the claims, leaving open the resolution of the division of the parties' personal property. The trial court also failed to make "an express determination that there is no just reason for delay" and "an express direction for the entry of judgment." Rule 54(b).
Because the father appealed from an order that was not made final pursuant to Rule 54(b), we must dismiss this portion of his appeal.
The parties' joint motion to dismiss regarding the mother's "Motion for Damages" is hereby granted.
AFFIRMED IN PART AND DISMISSED IN PART.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.