MOORE, Judge,
dissenting.
I respectfully dissent.
In its judgment, the trial court did not make any findings of fact or state any conclusions of law relating to the misrepresentation defense raised by G.A. West & Co., Inc. (“the employer”). Pursuant to § 25-5-88, Ala.Code 1975, a judgment in a workers’ compensation case must include findings of fact and conclusions of law as to each and every litigated issue. See Fort James Holding Co. v. Morgan, 30 So.3d 458 (Ala.Civ.App.2009). This court can review the record in cases in which the findings of fact are meager or omissive, see Ex parte Curry, 607 So.2d 230 (Ala.1992), but “if the trial court makes a written determination of the finding of facts that completely disregards a litigated issue, the judgment will be reversed and remanded for the trial court to make a finding of. fact on the litigated issues.” 2 T. Moore, Alabama Workers’ Compensation § 24:53 pp. 596-97 (1998 and Supp.2010) (citing numerous cases). By failing to address the employer’s misrepresentation defense in its judgment, it appears that the trial court completely overlooked that issue and failed to make any ruling as to its merits. Until it does, “there is nothing for the appellate court to review.” Id. at p. 597.
Rather than reverse the judgment for the entry of the required findings of fact and conclusions of law, the judges concurring in the main opinion undertake a detailed factual and legal analysis to conclude that the misrepresentation defense is unavailing in this case. However, it was the mandatory duty of the trial court, as the fact-finder who saw and heard the witnesses, and not this court, to make such an analysis. See Dun & Bradstreet Corp. v. Jones, 678 So.2d 181, 187 (Ala.Civ.App.1996). Our duty is merely to review that determination, once it is made, for any legal errors. The judges concurring in the main opinion overstep the bounds of our appellate role by acting as the fact-finders on the misrepresentation defense.
Potentially, the admitted misrepresentations made by Claiborne Johnston on his job application could completely thwart his claim for benefits in this case. See Hornady Truck Lines, Inc. v. Howard, 985 So.2d 469, 478-79 (Ala.Civ.App.2007). Hence, I believe it is premature to address the merits of any other issue raised by the employer on appeal until the trial court has ruled on the misrepresentation defense. I therefore respectfully dissent from the main opinion insofar as it contains a discussion of those issues in the absence of appropriate findings of fact and conclusions of law as to all the issues litigated below.
THOMPSON, P.J., concurs.