MOORE, Judge.
Deborah Holloway Weaver appeals from a judgment entered by the Colbert Circuit Court (“the trial court”) in favor of Pilgrim’s Pride Corporation. We reverse.

Background,

Thomas Joseph Weaver (“Weaver”) began working for Pilgrim’s Pride on November 20, 1995. By January 2010, he was working as the feed-mill manager at the company’s Tuscumbia location. On January 27, 2010, Weaver fell 160 feet from the top of a grain silo. He died as a result of that fall.
On October 29, 2010, Weaver’s widow, Deborah Holloway Weaver (“the widow”), filed a complaint pursuant to the Alabama Workers’ Compensation Act (“the Act”), Ala.Code 1975, § 25-5-1 et seq., seeking death benefits from Pilgrim’s Pride. Pilgrim’s Pride denied that claim, asserting, among other things, that it had terminated Weaver’s employment before his fall and, thus, that his accident was not covered under the Act or, alternatively, that, even if Weaver’s employment had not yet been terminated, Weaver had intentionally jumped from the silo and, therefore, his resulting death was not covered by the Act. The case was tried before the trial court on September 19 and December 12, 2011.
At that trial, ore tenus evidence was presented on the issues (1) whether Weaver’s fall arose during the course of his employment with Pilgrim’s Pride, i.e., whether Pilgrim’s Pride had terminated Weaver’s employment before he climbed atop the silo on January 27, 2010, (2) whether Pilgrim’s Pride had notified Weaver that it intended to terminate his employment but would allow him the option of resigning the following day, or (3) whether Weaver had intentionally jumped from the silo on that day. At the conclusion of the widow’s presentation of evidence, Pilgrim’s Pride moved for a judgment as a matter of law in its favor on the basis that, regardless of whether his employment had been terminated or whether he had learned that his employment would *419 be terminated, Weaver had learned immediately before falling that he would no longer be employed with Pilgrim’s Pride and, thus, he had had no reason to be on top of the silo on the day of his death. Pilgrim’s Pride also argued that Weaver must have taken some affirmative action to climb over the safety features on the top of the silo to fall off. On December 14, 2011, the trial court entered a judgment, which stated in its entirety:
“After conclusion of evidence for [the widow], Pilgrim’s Pride made a Motion for Directed Verdict or Judgment as a Matter of Law. Based on the evidence presented, the Court determined that [Pilgrim’s Pride] was entitled to a judgment as a matter of law, that there were no genuine issues as to any material facts, and [Pilgrim’s Pride] had proven entitlement to summary judgment by substantial evidence. It is therefore ORDERED and ADJUDGED a Directed Verdict is hereby granted and that judgment is hereby entered against the [widow] and in favor of [Pilgrim’s Pride] on the complaint.”
(Capitalization in original.) The widow timely filed her notice of appeal.

Analysis

The widow raises multiple issues on appeal. We find her first issue — that the trial court’s judgment fails to comply with Ala.Code 1975, § 25-5-88 — dispositive.
Section 25-5-88 requires a trial court to make findings of fact and conclusions of law in workers’ compensation judgments. Alabama law requires only substantial compliance with § 25-5-88, and meager or omissive findings of fact or conclusions of law do not necessarily require a reversal of a workers’ compensation judgment. See Ex parte Curry, 607 So.2d 230, 232 (Ala.1992); Calvert v. Funderburg, 284 Ala. 311, 224 So.2d 664 (1969) (construing the predecessor statute to § 25-5-88). A trial court, however, must make findings of fact and state conclusions of law that are responsive to the issues presented at trial. Equipment Sales Corp. v. Gwin, 4 So.Sd 1125, 1129-30 (Ala.Civ.App.2008).
“ ‘The purpose of Ala.Code 1975, § 25-5-88, is to “ensure sufficiently detailed findings so that the appellate court can determine whether the judgment is supported by the facts.”’ Farris v. St. Vincent’s Hosp., 624 So.2d 183, 185 (Ala.Civ.App.1993) (quoting Elbert Greeson Hosiery Mills, Inc. v. Ivey, 472 So.2d 1049, 1052 (Ala.Civ.App.1985)). ‘[TJhe trial court has a duty to make a finding on each issue presented and litigated before it. In instances where the trial court fails to make a finding responsive to the issue presented, the case must be reversed.’ Thomas v. Gold Kist, Inc., 628 So.2d 864, 867 (Ala.Civ.App.1993); see also Harbin v. United States Steel Corp., 356 So.2d 179 (Ala.Civ.App.1978); and Dun & Bradstreet Corp. v. Jones, 678 So.2d 181 (Ala.Civ.App.1996). In Harbin v. United States Steel Corp., this court reversed the trial court’s judgment and remanded the case because the trial court had failed to address or to make findings regarding the issue of notice of injury to the employer, despite the issue being presented and litigated. In Harbin, this court stated:
‘“In the present case the question of whether Harbin notified his employer of his injury was pleaded, contested and submitted to the trial court for its determination. Despite this fact there was no finding made on this issue in the court’s original judgment. Nonetheless, Harbin maintains that the absence of a finding of notice of injury does not require reversal since a number of Alabama cases have held *420 that when a finding of the trial court is merely meager or omissive, the reviewing court may examine the evidence in order to decide if the trial court’s judgment can be sustained. E.g., West Point Mfg. Co. v. Bennett, 263 Ala. 571, 83 So.2d 303 (1955); Alabama Textile Products Corp. v. Grantham, 263 Ala. 179, 82 So.2d 204 (1955). However, such is not the rule when, as here, there was no finding made on the issue in question.’
“356 So.2d at 181-82.”
Equipment Sales Corp., 4 So.3d at 1129-30 (emphasis added).
The trial court’s judgment in the present case contains no findings of fact or conclusions of law relative to the issues presented, i.e., whether Weaver’s death arose out of or in connection with his employment, whether Pilgrim’s Pride had terminated Weaver’s employment at the time of his death, or whether Weaver’s death was the result of his own intentional action. We therefore reverse the trial court’s judgment, and we remand the cause for the trial court to comply with § 25-5-88 by making specific findings of fact and stating conclusions of law as to those issues. Based on our resolution of this issue, we pretermit discussion of the other issues the widow raises in her appeal.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.