On Application for Rehearing

THOMPSON, Presiding Judge.
The memorandum affirmance of October 25, 2013, is withdrawn, and the following is substituted therefor.
On June 5, 2012, Richard Purser filed in the Jefferson Circuit Court (“the trial court”) an action seeking workers’ compensation benefits from his employer, Winn-Dixie Montgomery, LLC (“Winn-Dixie”), for an injury he claimed he suffered during the course of his employment. Winn-Dix-ie answered and denied liability.
In October 2012, Purser filed a motion seeking a hearing on the issue of the com-pensability of his claimed injury. In that motion, Purser alleged that Winn-Dixie had refused to pay him temporary-disability benefits and had refused to pay his medical expenses. The trial court granted that motion and scheduled a hearing for December 13, 2012.
The trial court conducted an ore tenus hearing on December 13, 2012, at which, according to the trial court’s order, Purser testified. In addition, during that ore ten-us hearing, the trial court admitted a number of exhibits into evidence. The transcript of the December 13, 2012, hearing is not contained in the record on appeal.
On January 10, 2013, the trial court entered an order in which it found, among other things, that Purser’s injury arose out of and in the course of his employment, that Winn-Dixie was responsible for the payment of reasonable and necessary medical treatment for Purser’s injury, and that Purser was entitled to temporary-total-disability benefits. See Belcher-Robinson Foundry, LLC v. Narr, 42 So.3d 774, 776 (Ala.Civ.App.2010) (holding that there existed a final judgment when the trial court’s order determined “that the employee’s accident arose out of and in the course of his employment, that the employer was responsible for the employee’s medical treatment, and that the employer was responsible for payment of temporary-total-disability benefits”). Winn-Dixie filed a postjudgment motion that was denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. Winn-Dixie timely appealed.
*1027 Winn-Dixie asserts three main issues on appeal, one of which contains numerous subparts. Winn-Dixie contends that the medical exhibits that Purser submitted to the trial court were not properly authenticated, that Purser failed to prove legal and medical causation, and that the trial court erred in awarding Purser temporary-total-disability benefits. However, as is explained below, either this court is unable to consider those arguments or the arguments do not provide a legal basis on which to reverse the trial court’s judgment.
The record on appeal contains no transcript of the ore tenus hearing. Winn-Dixie has represented to this court that the ore tenus hearing was not transcribed. Neither party has submitted a Rule 10(d), Ala. R.App. P., statement of the evidence to this court. See Rule 10(d), Ala. R.App. P. (“If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant’s recollection.”).
“ ‘ “ ‘This court cannot assume error, nor can it presume the existence of facts [as] to which the record is silent.’ The appellant has the burden of ensuring that the record contains sufficient evidence to warrant reversal.’” White v. Riley Constr., Inc., 745 So.2d 877, 879 (Ala.Civ.App.1999) (quoting Alfa Mut. Gen. Ins. Co. v. Oglesby, 711 So.2d 938, 942 (Ala.1997)); see also Martin v. Martin, 656 So.2d 846, 848 (Ala.Civ.App. 1995) (‘An error asserted on appeal must be affirmatively demonstrated by the record, and if the record does not disclose the facts upon which the asserted error is based, such error may not be considered on appeal.’).”
Kimbrough v. Kimbrough, 963 So.2d 662, 665-66 (Ala.Civ.App.2007).
In this case, the trial court received ore tenus evidence that is not contained in the record on appeal. Accordingly, this court must assume that the evidence that is not contained in the record on appeal is sufficient to support the trial court’s order. Elliott v. Bud’s Truck & Auto Repair, 656 So.2d 837, 838 (Ala.Civ.App.1995) (“Where the trial court hears oral testimony, and that testimony is not in the record on appeal, either in a transcript or summarized in a Rule 10(d) statement, it is conclusively presumed that the testimony is sufficient to support affirmance.”). Thus, because of the lack of a transcript of the ore tenus hearing before the trial court, this court is unable to determine whether the multiple arguments Winn-Dixie asserts on appeal concerning the admissibility of certain evidence were presented to the trial court and, if so, whether Winn-Dixie timely objected to the admission of that evidence. Ex parte Coulliette, 857 So.2d 793, 794-95 (Ala.2003) (explaining the necessity of a timely objection to put the trial court on notice of any error to be corrected); Elliott v. Bud’s Truck & Auto Repair, 656 So.2d at 838 (“Th[ese] issue[s], and othérs, simply cannot be addressed by this court, because of the inadequacy of the record.”).
In Kimbrough v. Kimbrough, supra, because of the inadequacy of the record, this court rejected an argument asserted by the father in that case that he was denied his right to counsel. This court concluded that it was “unable to determine from the limited record before us whether the father requested appointed counsel or whether the father proved that he was indigent. We cannot assume that the trial court erred when error is not apparent from the record.” 963 So.2d at 666.
As in Kimbrough, this court is unable to determine in this case whether Winn-Dixie *1028 asserted before the trial court the various arguments pertaining to the admissibility of certain evidence that it includes in its briefs submitted to this court.[1] “‘This court cannot assume error, nor can it presume the existence of facts [as] to. which the record is silent.... The appellant has the burden of ensuring that the record contains sufficient evidence to warrant reversal.’ ” Alfa Mwt. Gen. Ins. Co. v. Oglesby, 711 So.2d 938, 942 (Ala.1997) (quoting Newman v. State, 623 So.2d 1171, 1172 (Ala.Civ.App.1993)), overruled on other grounds, Ex parte Quality Casualty Ins. Co., 962 So.2d 242 (Ala.2006); and Kimbrough v. Kimbrough, supra. “The record does not reveal any error, and, thus, we cannot conclude that the trial court committed error.” Kimbrough v. Kimbrough, 963 So.2d at 665-66. See also Drummond Co. v. Lolley, 786 So.2d 509, 511 (Ala.Civ. App.2000) (“[The appellant] has the burden to provide this court with a record containing sufficient evidence to warrant reversal. Gotlieb v. Collat, 567 So.2d 1302 (Ala.1990). The record cannot be changed, altered, or varied on appeal by statements in briefs. Id.”).
Out of an abundance of caution, we note that we have considered whether some of the arguments Winn-Dixie has asserted on appeal could be said to be legal arguments, therefore making the absence of a transcript of the hearing below immaterial.[2] Winn-Dixie argues that Purser did not present medical evidence of medical causation.[3] It is true that Purser did not present any evidence from a doctor stating that his injury was caused by his job. However, such expert medical evidence was not required for the trial court to determine that Purser had established medical causation. In Chadwick Timber Co. v. Philon, 10 So.3d 1014, 1019-21 (Ala. Civ.App.2007), this court discussed the requirement that a worker claiming workers’ compensation benefits present evidence of medical causation. In short, this court held that expert testimony is not required to demonstrate medical causation but that the overall substance of the evidence must establish that the injury was caused by the employment. Evidence indicating merely a possibility that the employment caused the injury is not sufficient. Id. Purser provided evidence to the trial court that Winn-Dixie has failed to include in the record on appeal, and, therefore, this court must presume that the overall substance of that evidence was sufficient to meet the requirements for evidence of medical causation.[4]
*1029 Winn-Dixie also contends that the trial court erred in awarding temporary-total-disability benefits; once again, to the extent that Winn-Dixie challenges whether the evidence supports that award, this court is unable to review that issue because of the evidence omitted from the record. As part of its argument on the award of temporary-total-disability benefits, however, Winn-Dixie also argues that the trial court erred in not specifically setting forth the exact amount of the disability payments for which it is responsible. In support of this argument, Winn-Dixie cites only Weaver v. Pilgrim’s Pride Corp., 106 So.3d 417, 419-20 (Ala.Civ.App. 2012). In that case, this court held that the workers’ compensation judgment at issue did not satisfy the requirement that the judgment substantially comply with § 25-5-88, Ala.Code 1975; that section requires that a workers’ compensation judgment contain findings of fact and conclusions of law. In Ex parte Curry, 607 So.2d 230, 232 (Ala.1992), our supreme court held that substantial compliance with § 25-5-88 is sufficient and that, in the absence of detailed factual findings, an appellate court may look at the evidence to determine whether the trial court’s judgment should be affirmed. In this case, the trial court’s order contains a number of factual findings detailing the nature of Purser’s injury and the dates on which Purser was out of work and seeking medical treatment after the denial of his workers’ compensation claim.[5] That order also makes factual findings supporting the determination that Purser suffered an injury that warranted the award of temporary-total-disability benefits. Considering the January 10, 2013, order in its entirety, we conclude that, although it could have been more detailed, it substantially complied with § 25-5-88. Ex parte Curry, supra; American Auto. Ins. Co. of Missouri v. Hinote, 498 So.2d 848, 851 (Ala.Civ.App. 1986).
We also note that Winn-Dixie advocates for a more definitive calculation of benefits in the trial court’s order. It cites only § 25-5-88 and Weaver v. Pilgrim’s Pride Corp., 106 So.3d at 419-20, for the proposition that a trial court must make “findings of fact and state conclusions of law that are responsive to the issues presented at trial.” (Emphasis added.) In making this part of its argument, Winn-Dixie asserts only that a “proper” order would calculate the specific amount of temporary-disability benefits due Purser. It does not, however, assert that a determination of the specific amount of temporary-disability benefits would be “responsive” to the issues presented to the trial court; in other words, Winn-Dixie does not contend, in either its brief on original submission or its brief on application for rehearing, that the parties asked the trial court to determine the specific amount of temporary-disability bene *1030 fits due Purser. The January 10, 2018, order states that the matter was before it to make a “determination on the application of the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975, to [Purser’s] alleged injuries at work on or about April 6, 2012.” The order focuses on the resolution of the issue whether Purser’s injury is compensable, and one of the legal conclusions in the order states that temporary-total-disability benefits are to be paid pursuant to the requirements of § 25-5-68, Ala.Code 1975. Although the amount of Purser’s wages are included in an exhibit that was admitted into evidence, the order does not reference Purser’s wages. Further, there is nothing in the record before this court to indicate whether the parties requested that the trial court make a determination of the exact amount of benefits due. It is possible that the parties agreed before the trial.court that they could make such a determination themselves following a liability determination, and it is possible that the amount of benefits was another issue in dispute. Without the transcript of the ore tenus hearing before the trial court or a Rule 10(d) statement of the evidence, this court can only speculate regarding the arguments and issues that were litigated by the parties before the trial court.
Further, Winn-Dixie, although expressing a disinclination to perform those calculations itself, does not argue that, based on any conflicting or omissive findings, it is unable to determine the amount of compensation due to Purser. Indeed, Winn-Dixie is in the same position it would have been in had it not rejected Purser’s workers’ compensation claim and had instead elected, in the absence of a court order, to pay him temporary-total-disability benefits pending the resolution of his workers’ compensation claim. In other words, the payment of temporary-total-disability benefits under the January 10, 2018, order poses no challenges different from those encountered by an employer when it pays such benefits without being compelled to do so by a trial court. Accordingly, given the arguments asserted by Winn-Dixie in its briefs submitted to this court and the record it supplied this court on appeal, we cannot say that Winn-Dixie has demonstrated error with regard to this issue.
Winn-Dixie also contends in its original brief submitted to this court, without citing to any supporting authority, that the trial court erred in finding that the medical charges submitted to it were reasonable and necessary, but also reserving to Winn-Dixie the right to challenge, pursuant to § 25-5-77(a), the cost of any charges by the medical providers. Section § 25-5-77(a) limits Winn-Dixie’s payment for reasonably necessary medical treatment to “an amount not to exceed the prevailing rate or maximum schedule of fees.” Winn-Dixie contends that Purser was required to demonstrate that each charge was within that limitation. As this court has already held, Winn-Dixie has failed to demonstrate that the evidence presented to the trial'court did not support its factual determinations, such as that the medical charges were reasonable and necessary and due to be paid under § 25-5-77(a). Any reservation of an additional right to Winn-Dixie to question the amount of those charges is harmless error. Rule 45, Ala. RApp. P. In its brief “argument” on this issue, Winn-Dixie has failed to show error.
Winn-Dixie asserts in its brief on application for rehearing that “[t]he parties agreed to and filed a Joint Stipulation of the evidence considered by the trial court.[6] All the evidence that was considered by the trial court was submitted to *1031 this court.” Those statements are not supported by the materials submitted to this court. After the record on appeal was submitted to this court, the parties filed a “joint stipulation,” agreeing to supplement the record on appeal to include “all exhibits that were offered and admitted into evidence at the trial of this case, which were inadvertently excluded from the record on appeal by the [trial court clerk].” The parties did not place in the record a Rule 10(d) statement concerning the testimony submitted to the trial court at the ore tenus hearing. Contrary to the arguments of Winn-Dixie on application for rehearing, Winn-Dixie failed to present this court with a complete record of all the evidence considered by the trial court. Accordingly, for the reasons expressed in this opinion, this court must affirm the trial court’s order.
APPLICATION GRANTED; MEMORANDUM AFFIRMANCE OF OCTOBER 25, 2013, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
PITTMAN, THOMAS, and DONALDSON, JJ., concur.
MOORE, J., concurs in the rationale in part and concurs in the result, with writing.

. Although Winn-Dixie filed a motion in li-mine with regard to some of that evidence, the record before this court contains no indication that that motion was properly renewed before the trial court or that the trial court determined that no renewal of the objections in the motion in limine was required. See Owens-Corning Fiberglass Corp. v. James, 646 So.2d 669, 673 (Ala. 1994) (explaining the necessity of renewing during trial a motion in limine that has either not been ruled on or has been denied, unless the trial court has expressly stated that no renewal of the motion in limine is required).

. Winn-Dixie submitted to the trial court a postjudgment motion in which it asserted arguments that are similar to the arguments it has asserted in the briefs it has submitted to this court, so any legal, as opposed to factual, argument was preserved by that motion.

. We have addressed this argument in slightly more detail because it is clear from the record and the representations of both parties in their briefs submitted to this court that Purser was the only witness who testified at the ore tenus hearing. Thus, it is clear that in this case, the trial court received no expert medical testimony and no medical evidence other than the medical records that were admitted into evidence and are contained in the record on appeal.

. We note that, with regard to legal causation, Winn-Dixie argues that Purser did not present evidence of a "causal connection” between *1029 his employment and his injury. See Ex parte Patton, 77 So.3d 591, 595 (Ala.2011) (to establish legal causation in a workers' compensation action, the worker must demonstrate a causal connection between the work and the injury). Because Purser presented evidence to the trial court that is not contained in the record on appeal, we presume that that evidence supports the trial court’s order on this issue.

. We also note that the trial court set forth in detail the reasons it found the medical evidence submitted by Winn-Dixie to be unreliable. In short, the workers’ compensation doctor who evaluated Purser's left-knee injury opined that the injury was unrelated to his employment because Purser had suffered a traumatic leg injury in an automobile accident that had occurred several years earlier. The trial court noted that the medical records upon which Winn-Dixie's doctor relied indicated that the traumatic injury was to Purser’s right leg and that there was no evidence indicating that Purser had suffered an earlier injury to his left leg.

6. On application for rehearing, Winn-Dixie repeatedly asserts that the matter was submit *1031 ted to the trial court on exhibits only and that the record on appeal contains all the evidence that was presented to and considered by the trial court. In another part of its brief on application rehearing, however, Winn-Dixie briefly acknowledges that Purser submitted oral testimony to the trial court during the ore tenus hearing. Winn-Dixie represents to this court, as it did in a footnote in its brief on original submission, that Purser’s oral testimony before the trial court did not differ from the testimony that Purser provided in his deposition. Winn-Dixie, however, failed to submit to this court a statement of the evidence pursuant to Rule'10(d), Ala. R.App. P., that might support that assertion. "The unsworn statements, factual assertions, and arguments of counsel are not evidence." Ex parte Russell, 911 So.2d 719, 725 (Ala.Civ.App.2005). Accordingly, this court is unable to rely on the representations of Winn-Dixie’s attorney regarding the nature of the testimony omitted from the appellate record.