MOORE, Judge.
K.B., Sr. (“the father”), appeals from a judgment finding K.B., Jr. (“the child”), dependent and awarding temporary' legal and physical custody of the child to the child’s paternal grandparents. We affirm the judgment.
• Background
The background pertinent to this appeal is as follows.[1] The Limestone County De *731 partment of Human Resources (“DHR”) filed a dependency petition on February 25,2014, alleging that the father had physically abused the child and that, the child had run away from home to escape further abuse. The Limestone Juvenile Court (“the juvenile court”) conducted a shelter-care hearing on that same date, finding that, due to a substantial threat of harm to the child, the child should not be returned to the father’s home but should be placed into the temporary legal and physical custody of the paternal grandparents. The juvenile court further scheduled a dependency hearing to take place on March 21, 2014.
Although the juvenile court had appointed a guardian ad litem for the child on February 25, 2014, the guardian ad litem informed the juvenile court on March 21, 2014, the date scheduled for the dependency hearing, that she had not had an opportunity to meet with the child. The guardian ad litem and DHR orally moved for a continuance, which the juvenile court granted, over the objection of the father, rescheduling the dependency hearing to April 25, 2014. On the morning of April 25, 2014, DHR filed a “First Amended Petition,” reasserting its original allegations against the father .and adding that," other than submitting to a psychological evaluation, the father had refused to cooperate with DHR’s family-reunification efforts by declining to attend anger-management counseling or other counseling and by canceling the health insurance covering the child. DHR orally moved the juvenile court to accept the amended petition, which motion the juvenile court granted over the objection of the father. The juvenile court granted the father a continuance in order to give him time to evaluate and defend the new allegations raised in the amended petition. The juvenile court rescheduled the dependency hearing to take place on May 23,2014.
On May 23,2014, DHR and the guardian ad litem moved for a continuance, which motion was granted over the objection of the father. The juvenile court rescheduled the dependency hearing to take place on June 27, 2014. On June 18, 2014, the guardian ad litem moved for a continuance on the ground that she would be unable to attend the June 27, 2014, dependency hearing because she was going to be out of town attending her child’s freshman orientation for. college. The juvenile court granted the motion, rescheduling the dependency hearing to take place on July 25, 2014. On July 22, 2014, DHR moved for a continuance on the ground that the caseworker assigned to the case would be unable to attend the hearing on July 25, 2014, because he was scheduled to be out of the country on that date. The guardian ad litem joined in DHR’s motion, which the juvenile court granted, over the objection of the father, rescheduling the dependency hearing to take place on August 22, 2014.
On August 8, 2014, DHR moved the juvenile court to allow it to amend its petition to reflect that the father had refused to allow DHR to evaluate his home and had failed to cooperate further with any of DHR’s family-reunification efforts. The juvenile court granted that motion on August 11, 2014. On August 22, 2014, the father’s counsel, in the absence of the father, agreed to a continuance of the dependency hearing, subject to certain conditions, and the juvenile court rescheduled the dependency hearing to take place on October 24, 2014. The father subsequently filed a motion to vacate the conditions established in the August 22, 2014, order on 'the ground that the father had not, as his attorney had represented to the court, *732 agreed to those conditions. The juvenile court granted that motion.
On October 24, 2014, the father informed the juvenile court that he had previously consulted with the attorney representing DHR and that he believed DHR’s attorney' hád a conflict of interest. DHR’s attorney moved to withdraw from the case, which motion the juvenile court granted, and the juvenile court rescheduled the dependency hearing to take place on December. 19, 2014, After denying the father’s motion seeking the recusal of the trial judge, the juvenile court conducted the dependency hearing on December 19, 2014. Following the hearing, the juvenile court entered a judgment finding the child to be dependent and ordering that the temporary legal and physical custody .of the child remain vested with the paternal grandparents. The father timely appealed on December 31, 2014.

Analysis

Lack of Service on the Child

Section 12-15-122(a), Ala.Code 1975, provides:
“After a petition alleging delinquency, in need of supervision, or dependency has been filed, the juvenile court shall direct the issuance of summonses to be directed to the child if he or she is 12 or more years of age, to the parents, legal guardian, or other legal custodian, and to other persons who appear to the juvenile court to be proper or necessary parties to the proceedings, requiring them to appear personally before the juvenile court at the time fixed to answer or testify as to the allegations of the petition. Where the legal, custodian is summoned, the parent or legal guardian, or both, shall also be served with a summons.”
Section 12-15-122(b) provides further that “[a] copy of the petition shall be attached to each summons,”
In this case, the child was over 12 years of age at the time the dependency petition was filed. The father assumes that the juvenile court served the child with a summons, as well as a copy of the original petition and/or the first amended petition, but the father complains that the juvenile court’s file contains no indication that the child was served with the second amended petition that DHR filed on August 11, 2014. The father argues that, without such service, the judgment purporting tó adjudicate that petition is void for lack of subject-matter jurisdiction.
Section 1⅞ — 15—122(b) requires service of a petition with “each summons” served on an allegedly dependent child over 12 years of age. However, no statute or rule of juvenile procedure requires service of additional summonses after service of the original summons, and no statute or rule of juvenile procedure specifies if, or how, amended petitions shall be served. Rule 1(A), Ala. R. Juv. P., provides that the Alabama Rules of Civil Procedure govern in the absence of any more specific rule of juvenile procedure. Rule 5, Ala. R. Civ. P., generally requires amended pleading's to be served on every party to the proceedings. If that party is represented by an attorney, service “shall be made upon the attorney”' unless the court orders otherwise. Rule 5(b)', Ala. R. Civ. P.
Section 12-15-304(a), Ala.Code 1975, requires juvenile courts, in each dependency case, to appoint a guardian ad litem “whose primary responsibility shall be to protect the best interests of the child.” Pursuant to Rule 17(d), Ala. R. Civ. P., “[wjhenever a guardian ad litem shall be necessary, the court in which the action is pending shall appoint to serve in that capacity some person who is qualified to *733 represent the minor or incompetent person in the capacity of an attorney or solicitor.Furthermore, § 26-14-11, Ala. Code 1975, provides: “In every case involving an abused or neglected child which results in a judicial proceeding, an attorney shall be appointed to represent the child in such proceedings. Such attorney will represent the rights, interests, welfare, and well-being of the child, and serve as guardian ad litem for the child.” Section 12 — 15—304(b)(1) requires the appointed guardian ad litem to meet with the child before any scheduled hearing to explain “what is expected to happen before, during, and after” each hearing. Section 12-15 — 304(b)(4) further obligates the appointed guardian ad litem to file any pleadings necessary to facilitate the best interests of the child.
Although no statute or rule expressly provides that a guardian ad litem may accept service of an amended dependency petition on behalf of a child, it is clearly implied from the advisory and representative duties outlined above that the guardian ad litem must inform the child of the contents of any amended petition before a hearing on that petition and must respond appropriately to any amendment in order to protect the best interests of the child. Arguably, therefore, service upon the appointed guardian ad litem should be sufficient to apprise the child of the filing of an amended dependency petition and should satisfy any requirement of service on the child. Even if not, in Jones v. Henderson, 228 Ala. 273, 276, 153 So. 214, 216 (1934), our supreme court held that, in cases in which a minor child is not served as required by law, “the representation of the minor[] by a guardian ad litem, appointed by the court, renders the proceeding immune” from a challenge that the judgment is void.
In this case, the record shows that, when DHR filed its second amended petition, DHR’s attorney certified that he had delivered a copy to the courthouse mailbox of the guardian ad litem appointed by the juvenile court. The father does not argue that that method of service was ineffectual or unauthorized by Rule 5, Ala. R. Civ. P. Furthermore, the guardian ad litem fully participated in the dependency hearing and represented the best interests of the child in relation to the allegations in the second amended dependency petition. Thus, we hold that the judgment of the juvenile court is not void due to lack of service of the second amended petition on the child.

Amendments to Dependency Petition

The father next argues that the juvenile court erred in permitting DHR to file its two amended dependency petitions. We cannot consider the arguments presented by the father, however. The record shows that the father orally objected to the first amended dependency petition, but the record does not explain the grounds for that objection. In light of the silence of the record, we cannot presume that the father raised the same arguments before the juvenile court that he now asserts on appeal. See generally Kimbrough v. Kimbrough, 963 So.2d 662, 665-66 (Ala. Civ.App.2007); and Winn-Dixie Montgomery, LLC v. Purser, 154 So.3d 1025, 1027-28 (Ala.Civ.App.2014). The record also does not contain any objection by the father to the filing of the second amended dependency petition, so the father did not secure any adverse ruling by the juvenile court for this court to review. See Shiver v. Butler Cnty. Bd. of Educ., 797 So.2d 1086 (Ala.Civ.App.2000).

Continuances

The father did object to the juvenile court’s continuance of the dependency *734 hearing on at least three separate occasions. However, as was the case with his objection to the first amended dependency-petition, the father did not secure a record of the grounds he asserted to the juvenile court regarding his objections to those continuances.
“As in Kimbrough v. Kimbrough[, 963 So.2d 662 (Ala.Civ.App.2007) ], this court is unable to determine in this case whether [the appellant] asserted before the trial court the various arguments pertaining to the admissibility of certain evidence that it includes in its briefs submitted to, this court. ‘“This court cannot assume error, nor can it presume the existence of facts [as] to which the record is silent.... The appellant has the burden of ensuring that the record contains. sufficient evidence to warrant reversal.” ’ Alfa Mut. Gen. Ins. Co. v. Oglesby, 711 So.2d 938, 942 (Ala.1997) (quoting Newman v. State, 623 So.2d 1171, 1172 (Ala.Civ.App.1993)), overruled on other grounds, Ex parte Quality Casualty Ins. Co., 962 So.2d 242 (Ala. 2006); and Kimbrough v. Kimbrough, supra. ‘The record does not reveal any error, and, thus, we cannot conclude that the trial court committed error.’ Kimbrough v. Kimbrough, 963 So.2d at 665-66. See also Drummond Co. v. Lolley, 786 So.2d 509, 511 (Ala.Civ.App.2000) (‘[The appellant] has the burden to provide this court with a record containing sufficient evidence to warrant reversal. Gotlieb v. Collat, 567 So.2d 1302 (Ala. 1990). The record cannot be changed, altered, or varied on appeal by statements in briefs. Id.’).”
Purser, 154 So.3d at 1027-28 (footnote omitted). Hence, we cannot consider the father’s arguments on appeal regarding the juvenile court’s rulings on the continu-anees.
■ Conclusion
Based on the foregoing, this court rejects the father’s contention that the juvenile court lacked subject-matter jurisdiction, and this court cannot consider the other arguments made by the father on appeal. Therefore, the judgment of the juvenile court is affirmed.
AFFIRMED. '
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. We do not summarize the testimony of the witnesses from the dependency hearing because the father does not argue that sufficient evidence fails to support the dependency find *731 ing and because the other issues he argues do not require consideration of that evidence.